UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASHLEY MERARD

    Plaintiff,

v.                                       CASE NO.:

MAGIC BURGERS, LLC.,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY MERARD, ("Plaintiff"), by and through her undersigned counsel hereby files this Complaint and Demand for Jury Trial against MAGIC BURGERS, LLC, ("Defendant"), and alleges as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employer, Magic Burgers, LLC for violations of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended by the ADA Amendment Acts of 2008, ("ADAAA"); and, the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.*, ("FCRA"). This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to Local Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this district because a substantial part of the events giving rise to the instant action occurred in Orange County, Florida. At all times material

1

to this action, Defendant has conducted substantial, continuous and systematic commercial activities in Orange County, Florida.

## General Allegations

3. Plaintiff is an individual *sui juris* residing in Orange County, Florida.

4. Defendant is a Foreign Limited Liability Corporation doing business in, among other locations, Orange County, Florida.

5. At all times relevant hereto, Defendant employed over fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

6. Plaintiff was employed by Defendant in the position of "Cashier" from approximately July 12, 2007 until on or around August 23, 2017.

7. At all times relevant hereto, Plaintiff was a qualified individual with a disability, perceived disability, and/or record of disability.

8. Plaintiff's disability limited Plaintiff's ability to perform one or more major life activity, including, but not limited to, breathing.

9. During her employment with Defendant, Plaintiff was qualified for the position she held as a Cashier and could perform all associated essential job functions with or without reasonable accommodation.

10. Throughout Plaintiff's employment with Defendant, Plaintiff met or exceeded Defendant's employment expectations.

11. Plaintiff was discriminated against because of her actual or perceived disability, and/or having a record of disability, was treated less favorably than similarly situated non-disabled employees, was denied reasonable accommodation, and ultimately terminated.

12. In this regard, Plaintiff was involved in a serious car accident approximately a year prior to beginning her employment with Defendant. This accident resulted in the need for a tracheostomy where a trachea tube was placed to provide an airway for Plaintiff. The trachea tube was a closed trachea tube.

13. Plaintiff was hired by the general manager for her store who was informed of her trachea tube and saw her trachea tube during her initial interview.

14. However, a higher management official came into the store after Plaintiff was hired, saw Plaintiff and stated that Plaintiff was being could not work there due to her trachea tube.

15. Plaintiff was terminated on or around August 23, 2017 for no other reason given other than her disability.

16. Plaintiff exhausted her administrative remedies and/or has met all administrative prerequisites for bringing this action.

17. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

18. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

19. Plaintiff retained LYLTE & BARSZCZ to represent her in this action and has agreed to pay said firm attorneys' fees and costs for its service.

## COUNT I
## ADA – Failure to Accommodate

20. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. At all relevant times Plaintiff was an individual with a disability, perceived disability, and/or record of disability.

22. At all relevant times Plaintiff was a qualified individual.

23. Defendant was aware of Plaintiff's disability.

24. Plaintiff requested an accommodation(s) for her disability.

25. A reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

26. Defendant violated the ADA, as amended by the ADAAA, by failing to provide reasonable accommodation to Plaintiff.

27. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

28. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

29. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Back pay, front pay in lieu of reinstatement, and compensatory damages, including emotional distress damages;

b. Punitive damages;

c. Pre- and post-judgment interest as allowed by law;

d. Attorneys' fees and costs; and

e. Other such relief that this Court deems just and proper.

## COUNT II
### ADA – Disparate Treatment

30. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

31. Defendant violated the ADA, as amended by the ADAAA, by intentionally discriminating against Plaintiff based on her disabilities and/or perceived disabilities and/or her record of having disabilities.

32. Defendant intentionally discriminated and interfered with the terms and conditions of Plaintiff's employment based on her status as a qualified individual with a disability and/or perception that Plaintiff was disabled, and/or her record of disabilities, including treating her differently than similarly situated non-disabled employees, and taking adverse actions against her as herein described.

33. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

34. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment

benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

35. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Back pay, front pay in lieu of reinstatement, and compensatory damages, including emotional distress damages;

b. Punitive damages;

c. Pre- and post-judgment interest as allowed by law;

d. Attorney's fees and costs; and

e. Other such relief that this Court deems just and proper.

## COUNT III
## ADA – Retaliation

36. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

37. Defendant intentionally retaliated against Plaintiff because of her protected expressions.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

39. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

40. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

41. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

   a. Back pay, front pay in lieu of reinstatement, and compensatory damages, including emotional distress damages;

   b. Punitive damages;

   c. Pre- and post-judgment interest as allowed by law;

   d. Attorney's fees and costs; and,

   e. Other such relief that this Court deems just and proper.

## COUNT IV
### FCRA –Failure to Accommodate

39. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

40. At all relevant times Plaintiff was an individual with a disability, perceived disability, and/or record of disability.

41. At all relevant times Plaintiff was a qualified individual.

42. Defendant was aware of Plaintiff's disability.

43. Plaintiff requested an accommodation(s) for her disability.

44. A reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

45. Defendant violated the FCRA by failing to provide reasonable accommodations to Plaintiff.

46. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

47. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

48. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

f. Back pay, front pay in lieu of reinstatement. and compensatory damages, including emotional distress damages;

g. Punitive damages;

h. Pre- and post-judgment interest as allowed by law;

i. Attorney's fees and costs incurred; and,

j. Other such relief that this Court deems just and proper.

## COUNT V
### FCRA – Disparate Treatment

49. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

50. Defendant intentionally discriminated and interfered with the terms and conditions of Plaintiff's employment based on her status as a qualified individual with a disability and/or

perception that Plaintiff was disabled, and/or her record of disabilities, including treating Plaintiff differently than similarly situated non-disabled employees, and taking adverse actions against her as herein described.

51.     The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

52.     As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53.     Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Back pay, front pay in lieu of reinstatement and compensatory damages, including emotional distress damages;

b. Punitive damages;

c. Pre- and post-judgment interest as allowed by law;

d. Attorney's fees and costs; and,

e. Other such relief that this Court deems just and proper.

### COUNT VI
### FCRA – Retaliation

54.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

55. Defendant intentionally retaliated against Plaintiff because of her protected expressions.

56. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

57. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

58. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Back pay, front pay in lieu of reinstatement, and compensatory damages, including emotional distress damages;

b. Punitive damages;

c. Pre- and post-judgment interest as allowed by law;

d. Reasonable attorneys' fees and costs; and,

e. Other such relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of September 2019.

*[Signature: Mary E. Lytle]*

Mary E. Lytle, Esq.
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive
2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**