UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

ASHLEY MERARD,

                                 Case No.: 6:19-cv-01864-PGB-LRH

       Plaintiff,

v.

MAGIC BURGERS, LLC.,
a Foreign Limited Liability Company,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, MAGIC BURGERS, LLC, by and through undersigned counsel and hereby responds to Plaintiff, ASHLEY MERARD's Complaint as follows:

## JURISIDCTION AND VENUE

1. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's federal question claims but denies that there is supplemental jurisdiction over Plaintiff's state law claims.

2. Defendant admits that venue is proper.

## GENERAL ALLEGATIONS

3. Without knowledge and therefore denied.

4. Admitted.

5. Admitted.

6. Denied.

7. Denied.

8. Denied.

9.  Admitted.

10. Denied.

11. Denied.

12. Without knowledge and therefore denied.

13. Denied.

14. Denied.

15. Denied.

16. Without knowledge and therefore denied.

17. Denied.

18. Denied.

19. Without knowledge and therefore denied.

## COUNT I
## ADA – FAILURE TO ACCOMMODATE

20. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1

through 19 as if fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Without knowledge and therefore denied.

## COUNT II
## ADA-DISPARATE TREATMENT

30. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1

   through 19 as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Without knowledge and therefore denied.

## COUNT III
## ADA-RETALIATION

36. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1

   through 19 as if fully set forth herein.

37. Denied.

38. Denied

39. Denied.

40. Denied.

41. Without knowledge and therefore denied.

## COUNT IV
## FCRA-FAILURE TO ACCOMDATE

42. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1

   through 19 as if fully set forth herein.  (This paragraph is erroneously numbered as 39 in

   the complaint).

43. Denied. (This paragraph is erroneously numbered as 40 in the complaint).

3

44. Denied. (This paragraph is erroneously numbered as 41 in the complaint).

45. Denied. (This paragraph is erroneously numbered as 42 in the complaint).

46. Denied. (This paragraph is erroneously numbered as 43 in the complaint).

47. Denied. (This paragraph is erroneously numbered as 44 in the complaint).

48. Denied. (This paragraph is erroneously numbered as 45 in the complaint).

49. Denied. (This paragraph is erroneously numbered as 46 in the complaint).

50. Denied. (This paragraph is erroneously numbered as 47 in the complaint).

51. Without knowledge and therefore denied. (This paragraph is erroneously numbered as 48 in the complaint).

## COUNT V
## FCRA - DISPARATE TREATMENT

52. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1 through 19 as if fully set forth herein. (This paragraph is erroneously numbered as 49 in the complaint).

53. Denied. (This paragraph is erroneously numbered as 50 in the complaint).

54. Denied. (This paragraph is erroneously numbered as 51 in the complaint).

55. Denied. (This paragraph is erroneously numbered as 52 in the complaint).

56. Without knowledge and therefore denied. (This paragraph is erroneously numbered as 53 in the complaint).

## COUNT VI
## FCRA-RETALIATION

57. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1 through 19 as if fully set forth herein. (This paragraph is erroneously numbered as 54 in the complaint).

58. Denied.  (This paragraph is erroneously numbered as 55 in the complaint).

59. Denied.  (This paragraph is erroneously numbered as 56 in the complaint).

60. Denied.  (This paragraph is erroneously numbered as 57 in the complaint).

61. Without knowledge and therefore denied.  (This paragraph is erroneously numbered as 58 in the complaint).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's requested remedies are unreasonable and would impose an undue burden and hardship on Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith in the performance of its duties and without malice and/or deliberate indifference to Plaintiff's rights.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to recover any damages, she has failed to mitigate those damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant have acted, at all times relevant to the allegations in the Complaint, with good faith belief that it complied with all applicable statutes and regulations.

### SEVENTH AFFIRMATIVE DEFENSE

5

Plaintiff cannot state a claim for retaliation because she did not engage in protected conduct.

## **EIGHTHAFFIRMATIVE DEFENSE**

Plaintiff cannot state a claim for retaliation because she did not engage in protected conduct.

## **NINTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily left her position with no notice.

## **TENTH AFFIRMATIVE DEFENSE**

Plaintiff consistently failed to follow company protocols.

## **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of after-acquired evidence.

## **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of timely failing to file suit per any applicable rule or statute of limitations.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, to the extent that Plaintiff filed an administrative charge (which is a contested fact), Plaintiff's claims were not a part of that charge.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that any adverse action was taken against Plaintiff (which Defendant denies), it was done for a legitimate non-discriminatory reason.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of waiver by intentional relinquishment of a known right.

### SIXTEENTH AFFIRMATIVE DEFENSE

All standards and procedures are job related and consistent with business necessity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff never requested an accommodation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's FCRA damages are capped consistent with the FCRA.

### NINTEENTH AFFIRMATIVE DEFENSE

Any alleged harmful decision of defendant would have been made even if disability was not an issue.  In other words, there is zero causal connection between Plaintiff's alleged disability and Plaintiff's alleged mistreatment.

The Defendants reserves the right to amend this Answer, including amendment to assert additional affirmative defenses.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF or email to: Mary E. Lytle Esq., Lytle & Barszcz, 533 Versailles Drive, 2nd Floor, Maitland, Florida 32751 at mlytle@lblaw.attorney on this 27th day of December, 2019.

*KAUFMAN, DOLOWICH & VOLUCK, LLP*

/s/ *Abbye E. Alexander*
**ABBYE E. ALEXANDER, ESQUIRE**
Florida Bar No.: 662348
**CHRISTOHER J. PERINI, ESQUIRE**
Florida Bar No.: 0121893
orlandopleadings@kdvlaw.com
301 E Pine Street, Suite 840
Orlando, Florida 32801
Tel: (407) 789-0244
Fax: (888) 502-6353
Attorneys for Defendant

4818-7337-1312, v. 1

7