UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASHLEY MERARD

    Plaintiff,

v.                                CASE NO.: 6:19-cv-1864-Orl-40LRH

MAGIC BURGERS, LLC
a Foreign Limited Liability Company,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Defendant, MAGIC BURGERS, LLC ("Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, and hereby files its Motion for Partial Summary Judgment and states the following in support:

## INTRODUCTION

This case arises out of Plaintiff's employment and subsequent termination by Defendant. Plaintiff was employed at a Burger King franchise restaurant operated by Defendant as a crew member from July 27, 2017 through August 23, 2017. Plaintiff alleges she was wrongfully terminated on the sole basis that she had a closed trachea tube resulting from a car accident that took place prior her employment with Defendant. On May 3, 2018, Plaintiff filed her Charge of Discrimination ("Charge") in which she alleged that she was terminated due to her disability in violation of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). The Charge does not discuss or allude to any failures by Defendant to provide a reasonable accommodation or retaliation for requesting such an accommodation. After receiving her right to sue letter, Plaintiff filed suit on September 28, 2019, bringing claims for failure to

1

accommodate, disparate treatment and retaliation under both the ADA and the FCRA. Defendant now moves for summary judgment on Plaintiff's claims for failure to accommodate and retaliation under the ADA and the FCRA as Plaintiff failed to exhaust her administrative remedies as to these claims. Defendant further moves for summary judgment on these claims on the basis that Plaintiff admitted during her deposition that Defendant never denied any of her requests for accommodations, and Plaintiff did not believe she was terminated in retaliation for making such requests. As such, Defendant is entitled to summary judgment as to Counts I, II, IV and VI of Plaintiff's Complaint.

## UNDISPUTED MATERIAL FACTS[1]

Plaintiff was employed by Defendant from July 27, 2017 through August 23, 2017. Pl.'s Response to Def.'s Interrogatory No. 2. Every request for accommodation made by Plaintiff because of her trachea tube while she was employed by Defendant was fulfilled. *See* Dep. of Plaintiff, 51:9-18. The only "statutorily protected expressions" Plaintiff identifies in support of her retaliation claims are requests for accommodations. Pl.'s Response to Def.'s Interrogatory No. 14. Plaintiff does not believe she was terminated in retaliation for making any requests for accommodation. *See* Dep. of Plaintiff, 51:9-18.  On May 3, 2018, Plaintiff filed her Charge with the EEOC, alleging that she was terminated in violation of the ADA and FCRA. *See* Charge attached hereto as Exhibit "A." Plaintiff was represented by counsel at the time the EEOC charge was filed. *See* Dep. of Plaintiff, 75:6-17. The Charge states that her cause of discrimination is based solely on her alleged disability. *See* Exhibit "A." In particular, the Charge states that Plaintiff was "terminated by acting General Manager" and that she was "told my termination was due to my disability" in violation of the ADA and FCRA. *Id*. The only relevant date of discrimination noted

---

[1] For the sole purpose of this Motion.

in the Charge is the date of her termination. *Id.* On May 3, 2018, Plaintiff also executed an affidavit, wherein she states that she was terminated by the acting General Manager, and, after asking her why, Plaintiff was told that the termination was a result of Plaintiff's disability. *See* Plaintiff's Affidavit attached hereto as Exhibit "B." Plaintiff also submitted an EEOC Charge Questionnaire on May 3, 2018, wherein she stated, "I was terminated due to my disability, perceived disability and/or record of disability." *See* Plaintiff's EEOC Charge Questionnaire attached hereto as Exhibit "C." On July 3, 2019, the EEOC issued its Right to Sue letter stating that 180 days had passed since the filing of the Charge and that the EEOC is terminating its processing of the Charge. *See* Right to Sue Letter attached hereto as Exhibit "D." Neither the Charge, Plaintiff's Affidavit, nor the EEOC Charge Questionnaire makes any reference to any failure of Defendant to provide a reasonable accommodation or Plaintiff being retaliated against for requesting accommodations. After receiving her Right to Sue Letter, Plaintiff filed her Complaint on September 27, 2019. (Doc. 1). The Complaint asserts six causes of action against Defendant: (1) Failure to Accommodate under the ADA, (2) Disparate Treatment under the ADA, (3) Retaliation under the ADA, (4) Failure to Accommodate under the FCRA, (5) Disparate Treatment under the FCRA and (6) Retaliation under the FCRA. *Id.*

## MEMORANDM OF LAW IN SUPPORT

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

3

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### I. FAILURE TO EXHAUST STANDARD

Plaintiffs proceeding under the ADA and FCRA must exhaust their administrative remedies by filing a charge with the EEOC before bringing their claims in federal court. *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 892-93 (11th Cir. 2014); *Woodham v. Blue Cross & Blue Shield of Florida, Inc.*, 829 So. 2d 891, 894 (Fla. 2002). "The starting point of ascertaining the permissible scope of a judicial complaint…is the administrative charge and investigation." *Anderson v. Embarq/Sprint*, 379 Fed. Appx. 924, 926 (11th Cir. 2010). "The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Georgia Dep't of Human*

*Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). While claims that "amplify, clarify, or more clearly focus the allegations in the EEOC complaint" are allowed in a subsequent lawsuit, "allegations of new acts of discrimination are inappropriate." *Id*. at 1279-80. The Court must therefore dismiss Plaintiff's claims to the extent they exceed the scope of the charge. *Hillemann v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1362 (M.D. Fla. 2004) (dismissing claim because plaintiff did not exhaust administrative remedies as to the allegations not previously alleged in the charge).

## II. PLAINTIFF'S FAILURE TO ACCOMMODATE AND RETALIATION CLAIMS ARE NEW ACTS OF DISCRIMINATION NOT PREVIOUSLY ALLEGED IN THE CHARGE

Plaintiff's Charge, EEOC Questionnaire and affidavit fail to allege that Defendant failed to provide a reasonable accommodation requested by Plaintiff or allege that Plaintiff was retaliated against for making such requests and therefore these claims must be dismissed. The Eleventh Circuit's decision in *Booth v. City of Roswell*, 754 F. App'x 834 (11th Cir. 2018) is instructive. Like Plaintiff, Booth alleged in his complaint that he asked his employer for a reasonable accommodation for his disability, and his employer refused. *Id.* at 837. However, in his EEOC charge, Booth only stated that he was discriminated against because of his disability; he never mentioned an accommodation request or a failure to accommodate in his charge. *Id.* The Eleventh Circuit held that Booth's failure-to-accommodate claim in his complaint described a new act of discrimination that was not alleged in or reasonably related to the discrimination alleged in his EEOC charge, and Booth thus failed to exhaust his administrative remedies for his failure-to-accommodate claim. *Id.*

Like *Booth*, Plaintiff's failure to accommodate and retaliation claims allege new acts of discrimination that do not reasonably relate to the allegations in her Charge. Plaintiff only mentions that she was terminated due to her disability in her Charge. Nowhere in her Charge does Plaintiff

5

mention that she requested Defendant to accommodate her in any way, that such requests were denied, or that she was retaliated against because she made such requests. Thus, Plaintiff's claims for failure to accommodate in Counts I and IV and claims for retaliation in Counts III and VI must be dismissed as they clearly exceed the scope of Plaintiff's Charge.

III. **PLAINTIFF CANNOT PROVE THAT DEFENDANT DENIED PLAINITFF A REQEUSTED REASONABLE ACCOMMODATION**

Even if Plaintiff did not fail to exhaust her administrative remedies as to her failure to accommodate claims, Defendant is still entitled to summary judgment as to these claims because Plaintiff cannot prove that Defendant failed to provide her a reasonable accommodation during her employment. In order to prevail on a claim for failure to accommodate under both the ADA and the FCRA, Plaintiff must show that "(1) she was a qualified individual with a disability; (2) she made a specific request for a reasonable accommodation; and (3) her employer, [Defendant], failed to provide a reasonable accommodation, or engage in the requisite interactive process in order to identify a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020). A plaintiff cannot establish a failure to accommodate without evidence of a specific instance in which she needed an accommodation and was denied one. *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018).

Plaintiff was asked during her deposition to identify any requests for accommodations she made while employed by Defendant that were not fulfilled, and she could not identify a single instance. *See* Dep. of Plaintiff, 51:9-18. Therefore, the undisputed material facts cited above show that (1) Plaintiff cannot identify a single request for accommodation that Defendant failed to provide; and (2) Plaintiff could perform the essential job functions of her position while employed by Defendant. As a result, Plaintiff cannot prevail on her claims for failure to accommodate, and Defendant is entitled to summary judgment as to Counts I and IV as a matter of law.

## IV. <u>PLAINTIFF CANNOT PROVE THAT SHE WAS TERMINATED FOR ENGAGING IN A STATUTORILY PROTECTED EXPRESSION</u>

Even if Plaintiff did not fail to exhaust her administrative remedies as to her retaliation claims, Defendant is still entitled to summary judgment as to these claims because Plaintiff cannot prove a causal link between her requests for accommodations and her termination. In order to prevail on a claim for retaliation under both the ADA and the FCRA, Plaintiff must show that "(1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two. *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). The casual link element requires a showing of but-for causation. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533–34, 186 L.Ed.2d 503 (2013).

As stated above, the only "statutorily protected expressions" Plaintiff identifies in support of her retaliation claims are requests for accommodations. Pl.'s Response to Def.'s Interrogatory No. 14. While requests for accommodations are considered "statutorily protected expressions" for the purposes of ADA retaliation claims, there is no genuine issue of material fact as to Plaintiff's inability to show that her requests for accommodations were the "but-for" cause of her termination. During her deposition, Plaintiff was asked if she believed that her requests for accommodation was the reason or played a role in her termination. She testified "[n]o." Page 71. 1-13. By her own admission, Plaintiff was not terminated for making requests for accommodations or any other "statutorily protected expression." As a result, Defendant is entitled to summary judgment as to Counts I and IV as a matter of law.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant is entitled to summary judgment as to Counts I, III, IV and VI as a matter of law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF or email to: Mary E. Lytle Esq., Lytle & Barszcz, 533 Versailles Drive, 2nd Floor, Maitland, Florida 32751 at mlytle@lblaw.attorney on this 4th day of January, 2020.

*KAUFMAN, DOLOWICH & VOLUCK, LLP*

*/s/ Abbye E. Alexander*
**ABBYE E. ALEXANDER, ESQUIRE**
Florida Bar No.: 662348
**CHRISTOHER J. PERINI, ESQUIRE**
Florida Bar No.: 0121893
orlandopleadings@kdvlaw.com
301 E Pine Street, Suite 840
Orlando, Florida 32801
Tel: (407) 789-0244
Fax: (888) 502-6353
Attorneys for Defendant.

4838-8998-0630, v. 1