# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ASHLEY MERARD,**

               **Plaintiff,**

**v.**　　　　　　　　　　　　　**Case No: 6:19-cv-1864-PGB-LRH**

**MAGIC BURGERS, LLC.,**

               **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant Magic Burgers, LLC's Motion for Partial Summary Judgment (Doc. 16 (the "**Motion**")), Plaintiff Ashley Merard's response in opposition (Doc. 22), and Defendant's reply thereto (Doc. 23). Upon consideration, the Motion is due to be granted.

## I. BACKGROUND

Defendant employed Plaintiff from July 27, 2017 to August 23, 2017. (Doc. 21, ¶ 2). Prior to and during Plaintiff's employment with Defendant, she had a closed trachea tube visible at the front of her neck. (*Id.* ¶¶ 1–3).

Following Plaintiff's termination, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**"), alleging violations of the Americans with Disabilities Act ("**ADA**") and the Florida Civil Rights Act ("**FCRA**"). (Doc. 16-1 ("**Charge**")). The Charge states: "On August 23, 2017, I was terminated by the acting General Manager when I arrived to begin my shift. I was

told that my termination was due to my disability. I believe that I have been discriminated against due to my disability, perceived disability and/or record of disability." (*Id.*). Plaintiff also filed an affidavit and an EEOC Charge Questionnaire. (Docs. 16-2, 16-3). Plaintiff's affidavit provides: "On August 23, 2017, at the beginning of my shift, I was told by the acting General Manager that I was being terminated. I asked her why, and she hesitated to tell me, but eventually expressed that my termination was a result of my disability." (Doc. 16-2). Likewise, Plaintiff's EEOC Charge Questionnaire asserts that Plaintiff's disability resulted in her termination. (Doc. 16-3).

On July 3, 2019, the EEOC issued a Notice of Right to Sue. (Doc. 16-4). On September 27, 2019, Plaintiff initiated this action, alleging six causes of action: (1) failure to accommodate under the ADA; (2) disparate treatment under the ADA; (3) retaliation under the ADA; (4) failure to accommodate under the FCRA; (5) disparate treatment under the FCRA; and (6) retaliation under the FCRA. (Doc. 1).

Defendant now moves for summary judgment as to the failure to accommodate and the retaliation claims. (Doc. 16). The matter is ripe for review.

## II.   STANDARD OF REVIEW

To prevail on a summary judgment motion, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and

resolve all reasonable doubts about the facts in favor of the non-movant." *Davila v. Gladden*, 777 F.3d 1198, 1203 (11th Cir. 2015) (quoting *Carter v. City of Melbourne*, 731 F.3d 1161, 1166 (11th Cir. 2013) (per curiam)). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

## III.   DISCUSSION

Defendant argues that summary judgment is proper on Plaintiff's failure to accommodate and retaliation claims. Because disability discrimination claims under the FCRA and the ADA use the same framework, the Eleventh Circuit considers them together. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).

### A.   The Failure to Accommodate Claims

"To establish a prima facie case of disability discrimination, a plaintiff must show that he (1) is disabled, (2) is a 'qualified' individual,' and (3) was subjected to unlawful discrimination because of his disability." *Samson v. Fed. Exp. Corp.*, 746 F.3d 1196, 1200 (11th Cir. 2014) (citing *Greenberg v. BellSouth Telecomms., Inc.*,

498 F.3d 1258, 1263 (11th Cir. 2007)). Defendant does not dispute that Plaintiff is a qualified individual with a disability. Rather, Defendant only disputes that Plaintiff was subjected to unlawful discrimination because of her disability, the third prong. (Doc. 16).

"One way a plaintiff may establish the third prong is by showing that her employer failed to provide her with a reasonable accommodation for her disability." *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018) (citation omitted). A plaintiff cannot establish a failure to accommodate "without evidence of a specific instance in which she needed an accommodation and was denied one." *Batson*, 897 F.3d at 1326; *see Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363–64 (11th Cir. 1999) ("[T]he duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made . . . the initial burden of requesting an accommodation is on the employee. Only after the employee has satisfied this burden and the employer fails to provide that accommodation can the employee prevail on a claim that her employer has discriminated against her." (internal quotations and citations omitted)).

Here, Plaintiff's deposition provides:

> Q: Was there any point while you were employed at Magic Burgers that you requested an accommodation due to your trach tube that was not –
>
> A: Fulfilled?

Q:     — fulfilled?

A:     No.

(Doc. 17, 53:9–18). In fact, Plaintiff's deposition further demonstrates that Defendant repeatedly granted her requests for accommodation. Plaintiff asked to be moved from the kitchen, and the manager reassigned her to the cash register; Plaintiff had trouble using bleach cleaning products, and personnel did not make her clean with such products; Plaintiff could not lift heavy objects, and no one ever required her to do so. (*Id.* at 49:13–21, 51:16–53:18). Accordingly, viewing the facts in the light most favorable to Plaintiff, there is no genuine issue as to Defendant's provision of the requested accommodations. *See* FED. R. CIV. P. 56(a); *Davila*, 777 F.3d at 1203.

In response, Plaintiff states that her trachea tube was "obvious from day one," that she did not necessarily "say the magic words, 'may I appear every day at work with my surgically placed tube in my neck,'" and that her termination constituted the "first time" that Defendant "failed to provide [her] with her reasonable accommodation of being able to work while having her surgically placed trachea tube." (Doc. 22, pp. 9–10). In other words, Plaintiff claims that Defendant terminated her because of her disability.

But Plaintiff's alleged discriminatory dismissal does not constitute a failure to accommodate claim. Plaintiff confuses requests for an accommodation with disparate treatment, which are distinct claims under the ADA and the FCRA. *Toliver v. City of Jacksonville*, No. 3:15-cv-1010, 2017 WL 1196637, at *5 (M.D.

Fla. Apr. 31, 2017). A failure to accommodate claim prohibits "uniformly-applied, disability-neutral policies." *Holly*, 492 F.3d at 1263. "[T]he very purpose of reasonable accommodation laws is to *require* employers to treat disabled individuals differently in some circumstances—namely, when different treatment would allow a disabled individual to perform the essential functions of his position by accommodating his disability without posing an undue hardship on the employer." *Id.* at 1262–63. By contrast, a disparate treatment claim prohibits arbitrarily applied, anti-disability policies. *Cf. id.* The very purpose of disparate treatment laws is to *prevent* employers from treating disabled individuals differently in some circumstances—namely when employers take adverse employment action against disabled individuals because of their disability (*i.e.*, when employers give non-disabled individuals more favorable treatment than disabled individuals). *Cf. Holly*, 492 F.3d at 1263; *Caporicci v. Chipotle Mexican Grill, Inc.*, 189 F. Supp. 3d 1314, 1323 (M.D. Fla. 2016).

Thus, Plaintiff cannot establish her failure to accommodate claims because the undisputed evidence demonstrates that Defendant granted her requests for accommodations, and there is no evidence of a specific instance in which she needed an accommodation and Defendant denied it. *See Batson*, 897 F.3d at 1326. Therefore, summary judgment in favor of Defendant on Counts I and IV is appropriate.

**B.     The Retaliation Claims**

To prevail on her retaliation claims, Plaintiff must show: (1) that she engaged in a statutorily protected expression; (2) that she suffered an adverse employment action; and (3) there was a causal link between the two. *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). "The third element requires a showing of but-for causation." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533–34 (2013)).

Defendant concedes that Plaintiff engaged in statutorily protected expressions when she requested certain workplace accommodations, and Defendant does not contest that Plaintiff's termination constituted an adverse employment action. (Doc. 16, p. 7). Defendant only argues that Plaintiff cannot demonstrate "that her requests for accommodations were the 'but-for' cause of her termination." (*Id.*). Indeed, Plaintiff's deposition avers the lack of but-for causation between the two events:

> Q:   Do you believe that—the fact that you requested certain accommodations due to you having a trach tube, do you believe that those—the fact that you requested an accommodation played any role in your termination?
>
> A:   Do I believe my want for accommodations was why I was terminated?
>
> Q:   Yes.
>
> A:   No.

(Doc. 17, 73:5–13). Because Plaintiff admits that her requests for accommodation did not cause her termination, the undisputed evidence cannot support her retaliation claims.

Plaintiff's response erroneously states that Defendant did not raise the causal link element of her retaliation claims as a basis for summary judgment. (Doc. 22, p. 11). Plaintiff offers no evidence as to the connection between her requests for accommodation and her termination, and she does not address the admission in her own deposition testimony. Therefore, summary judgment in favor of Defendant on Counts III and VI is appropriate because no reasonable jury could find for Plaintiff in light of this evidence.[1] *See Brooks*, 446 F.3d at 1162.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Partial Summary Judgment (Doc. 16) as to Counts I, III, IV, and VI of the Complaint is **GRANTED**.

**DONE AND ORDERED** in Orlando, Florida on April 1, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] Because summary judgment is proper on the failure to accommodate and the retaliation claims for the above reasons, it is unnecessary for the Court to address Defendant's failure to exhaust administrative remedies argument. (Doc. 16, pp. 4–6).

Unrepresented Parties