UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASHLEY MERARD,**

        **Plaintiff,**

v.                                                    Case No: 6:19-cv-1864-PGB-LRH

**MAGIC BURGERS, LLC.,**

        **Defendant.**
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## Jury Instruction No. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Jury Instruction No. 2

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Jury Instruction No. 3

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Jury Instruction No. 5

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

## Jury Instruction No. 6

In this case, Magic Burgers asserts the affirmative defenses of: (1) acting in good faith; and (2) failure to mitigate damages. Even if Ashley Merard proves her claim by a preponderance of the evidence, Magic Burgers can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Magic Burgers does not have to disprove Ashley Merard's claims, but if Magic Burgers raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

## Jury Instruction No. 7

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Ashley Merard should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Jury Instruction No. 8

In this case, Ashley Merard claims that Magic Burgers discriminated against Ashley Merard by terminating her employment because she had a "disability" within the meaning of the Americans with Disabilities Act (the ADA).

Magic Burgers denies Ashley Merard's claim and asserts that she was terminated for failing to appear for work without notifying her employer.

Under the ADA, if a person is qualified to do the job, it is unlawful for an employer to discharge the person because of that person's disability.

To succeed on an ADA claim, a person must prove the following four elements by a preponderance of the evidence:

1. The person had a disability;

2. The person was a qualified individual;

3. The Employer discharged the person; and

4. The Employer took that action because of the person's disability.

In this case, the parties stipulate to the first three elements that Ashley Merard had a disability, was a qualified individual, and was discharged by Magic Burgers.

To succeed on her claim, Ashley Merard must prove the Fourth Element: Magic Burgers discharged Ashley Merard because of Ashley Merard's disability.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

**Definition of "Because of Ashley Merard's Disability":** You must decide whether Magic Burgers terminated Ashely Merard "because of" Ashley Merard's disability. Put another way, you must decide whether Ashley Merard's disability was the main reason for Magic Burgers' decision.

To determine that Magic Burgers terminated Ashley Merard because of Ashley Merard's disability, you must decide that Magic Burgers would not have terminated Ashely Merard if Ashley Merard had not had a disability but everything else had been the same.

Magic Burgers denies that it terminated Ashely Merard because of Ashley Merard's disability and claims that it made the decision because Ashley Merard failed to appear for work and did not notify her employer.

An employer may not discriminate against an employee because of the employee's disability, but an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe Magic Burgers' reasons for its decision and find that its decision was not because of Ashley Merard's disability, you must not second guess that decision, and you must not substitute your own judgment for Magic Burgers' judgment – even if you do not agree with it.

As I have explained Ashley Merard has the burden to prove that Magic Burgers' decision to discharge her was because of Ashley Merard's disability. I have explained to you that evidence can be direct or circumstantial. To decide whether Magic Burgers' decision to discharge her was because of Ashley Merard's disability, you may consider the circumstances of Magic Burgers'

decision. For example, you may consider whether you believe the reasons Magic Burgers gave for the decision. If you do not believe the reasons it gave for the decision, you may consider whether the reasons were so unbelievable that it was a cover-up to hide the true discriminatory reason for the decision.

If you find that Ashley Merard has proved each of the elements she must prove, you must decide the issue of her compensatory damages.

When considering the issue of Ashley Merard's compensatory damages, you should determine what amount, if any, has been proven by Ashley Merard by a preponderance of the evidence as full, just and reasonable compensation for all of Ashley Merard's damages as a result of her termination, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Magic Burgers. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ashley Merard has proved them by a preponderance of the evidence, and no others:

a)   net lost wages from the date of the termination to the date of your verdict; and

b)   emotional pain and mental anguish.

To determine the amount of Ashley Merard's net lost wages, you should consider evidence of the actual wages she lost.

To determine whether and how much Ashley Merard should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Ashley Merard does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ashley Merard to be reasonably diligent in seeking substantially equivalent employment to the position she held with Magic Burgers. To prove that Ashley Merard failed to mitigate damages, Magic Burgers must prove by a preponderance of the evidence that: (1) work comparable to the position Ashley Merard held with Magic Burgers was available, and (2) Ashley Merard did not make reasonably diligent efforts to obtain it. If, however, Magic Burgers shows that Ashley Merard did not make reasonable efforts to obtain any work, then Magic Burgers does not have to prove that comparable work was available.

If you find that Magic Burgers proved by a preponderance of the evidence that Ashley Merard failed to mitigate damages, then you should reduce the amount of Ashley Merard's damages by the amount that could have been reasonably realized if Ashley Merard had taken advantage of an opportunity for substantially equivalent employment.

**Punitive Damages:** Ashley Merard also asks you to award punitive damages. The purpose of punitive damages is not to compensate Ashley Merard but, instead, to punish Magic Burgers for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Ashley Merard and award her compensatory damages.

To be entitled to an award of punitive damages Ashley Merard must prove by a preponderance of the evidence that Magic Burgers acted with either malice or with reckless indifference toward Ashley Merard's federally protected rights. Specifically, Ashley Merard must show that an employee of Magic Burgers, acting in a managerial capacity, either acted with malice or with reckless indifference to Ashley Merard's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Magic Burgers gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Magic Burgers acted with malice, Ashley Merard must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ashley Merard anyway. To show that Magic Burgers acted with reckless indifference to Ashley Merard's federally protected rights, Ashley Merard must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Ashley Merard to an award of punitive damages; Ashley Merard need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Magic Burgers acted with malice or with reckless indifference to Ashley Merard's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Magic Burgers engaged in a pattern of discrimination toward its employees; (2) whether Magic Burgers acted spitefully or malevolently; (3) whether Magic Burgers showed a blatant disregard for civil legal obligations; (4)

whether Magic Burgers failed to investigate reports of discrimination; (5) whether Magic Burgers failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process concerning Ashley Merard's discharge.

## Jury Instruction No. 9

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.