# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ASHLEY MERARD,**

   **Plaintiff,**

**v.**            **Case No: 6:19-cv-1864-PGB-LRH**

**MAGIC BURGERS, LLC.,**

   **Defendant.**

_____/

## ORDER

  This cause comes before the Court following a jury trial. On May 4, 2021, the jury returned a verdict which, upon review, is in proper form. The Court finds that there is no just reason to delay the entry of judgment. Pursuant to the jury's verdict, it is therefore **ORDERED** as follows:

  1. The Clerk is **DIRECTED** to enter the following judgment by separate order: Judgment is hereby entered in favor of Plaintiff, Ashley Merard, and against Defendant, Magic Burgers, LLC.

  2. It is **ORDERED, DECLARED, AND DECREED** that Ashley Merard shall recover from Magic Burgers, LLC, the total of Three Hundred Forty-Five Thousand Five Hundred and Nineteen Dollars

and Sixty Cents ($345,519.60), with interest thereon at the legal rate as provided by law, along with costs.[1]

3. Thereafter, the Clerk is **DIRECTED** to close the case. The Court retains jurisdiction to resolve any post-trial motions.

**DONE AND ORDERED** in Orlando, Florida on May 11, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[1] The jury awarded Ashley Merard $15,519.60 in damages for net loss of wages, $30,000.00 in damages for emotional pain and mental anguish, and $2,000,000.00 in punitive damages. (Doc. 61). Merard prevailed on Counts II (disparate treatment in violation of the Americans With Disabilities Act ("**ADA**")) and V (disparate treatment in violation of the Florida Civil Rights Act ("**FRCA**")). (*See* Docs. 1, 32).

The ADA imposes a $300,000.00 cap on "The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section" when the employer has over 500 employees. 42 U.S.C. § 1981a(b)(3)(D). The FCRA imposes a $100,000.00 cap on punitive damages, but it does not impose a cap on compensatory damages. FLA. STAT. § 760.11(5).

Here, if the Court reduced the sum of the amount of nonpecuniary compensatory damages ($30,000.00) and the amount of punitive damages ($2,000,000.00) to $300,000.00 pursuant to the ADA, then the award would constitute an improper limitation of state remedies. *See Bralo v. Spirit Airlines, Inc.*, No. 13-60948-Civ, 2014 WL 11633701, at *1–2 (S.D. Fla. Apr. 18, 2014) *aff'd,* 599 F. App'x 369 (11th Cir. 2015) (per curiam) (affirming the district court's entry of judgment in favor of the plaintiff, which included $300,000.00 in punitive damages, reduced from $375,000.00 under the ADA, and $10,000.00 in compensatory damages, left intact under the FCRA). Therefore, the Court allots Merard's punitive damages award to her ADA claim and allots her nonpecuniary compensatory damages award to her FCRA claim. Accordingly, the Court reduces Merard's punitive damages from $2,000,000.00 to $300,000.00 under the ADA's statutory cap, and Merard's $30,000.00 nonpecuniary compensatory damages award remains intact under the FCRA. *See id.* This result is "most consistent with the intent of the jury to permit Plaintiff to recover the maximum amount possible." *Id.* (internal quotations omitted).

Counsel of Record
Unrepresented Parties