UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASHLEY MERARD,

                                      Case No.: 6:19-cv-01864-PGB-LRH

    Plaintiff,

v.

MAGIC BURGERS, LLC.,
a Foreign Limited Liability Company,

    Defendant.
_____/

**PLAINTIFF'S OPPOSED[1] MOTION REQUESTING ENTITLEMENT TO ATTORNEY FEES AND COSTS**

COMES NOW, Plaintiff ASHLEY MERARD ("Plaintiff"), through undersigned counsel, and pursuant to FRCP Rule 54(d) and Local Rule 7.01(b), respectfully requests this Honorable Court make a determination on entitlement of attorney fees and costs and in support states as follows:

1. On September 27, 2019, Plaintiff filed a Complaint which included, Count II, an allegation of disability discrimination in violation of the Americans with Disabilities Act as Amended ("ADA claim") and Count V, an allegation of handicap discrimination in violation of the Florida Civil Rights Act ("FCRA claim"). (Doc. 1)

---

[1] The Instant Motion is unopposed by Defendant for purposes of Entitlement to Attorney Fees and Costs but is opposed as to the amounts listed herein.

1

2. On May 3-4, 2021, a jury trial in this case occurred. (Doc. 53-68).

3. On May 4, 2021, the Jury found in favor of Plaintiff and awarded her $15,519.60 in lost wages, $30,000.00 in emotional distress, and $2,000,000.00 in punitive damages on her disability and handicap discrimination claims under the ADA claim and the FCRA claim. (Doc. 61).

4. On May 11, 2021, this Court issued an order directing the Clerk to enter judgment and to close this case. (Doc. 67? Emailed Order at 2:53pm EDT)

5. On May 12, 2021, the Clerk of Court entered Judgment "in favor of the Plaintiff, Ashley Merard and against Defendant Magic Burgers, LLC for a total sum of $345,519.60 with interest at the legal rate provided by law, along with costs for which sum let execution issue." (Doc. 68). The amount of Judgment was a reduction pursuant to applicable law.[2]

6. Plaintiff's current attorney's fees total approximately $182,469.40.

7. Plaintiff's current costs total approximately $5,522.72.[3]

8. Although the parties have begun conferrals to determine if the parties can reach an agreement on Plaintiff's reasonable attorney fees and costs without Court intervention, no such agreement has yet been made.

---

[2] The amount of Judgment is at issue in Defendant's Motion to Reduce (Doc. 71).
[3] Plaintiff's amount of attorney's fees and costs may increase if the instant motion is granted and Plaintiff is able to proceed with filing a Supplemental Motion on Amount pursuant to Local Rule 7.01 (c).

9. Therefore, Plaintiff files the instant motion and respectfully requests that the Court grant this motion and allow Plaintiff to proceed with filing her Supplemental Motion on Amount pursuant to Local Rule 7.01 (c).

10. Counsel for Defendant represented to the undersigned, Defendant is not opposed to Plaintiff's entitlement but is opposed to the amounts of fees and costs stated herein.

## MEMORANDUM OF LAW

Pursuant to FRCP 54(d) and Local Rule 7.01(b), a party claiming fees and costs must request determination of entitlement in a motion that: (1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award; (2) states the amount sought or provides a fair estimate of the amount sought; and (3) includes a memorandum of law. The Court has not yet ordered disclosure of the terms of any agreement about fees for the services for which the claims were made pursuant to FRCP 54(d)(2)(B)(iv).

## (1) Specifies the Judgment and Statute Entitling the Award and (3) Incorporated Memorandum of Law

The instant case was tried before this Honorable Court on May 3-4, 2021, wherein a jury gave a verdict in favor of Plaintiff and against Defendant. Pursuant to and consistent with the jury's verdict, the Clerk of Court entered Judgment in

favor of the Plaintiff, Ashley Merard and against Defendant Magic Burgers, LLC on May 12, 2021. (Doc. 68)

The Americans with Disabilities Act allows a court, in its discretion, to award a prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205 *See Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt.,* 385 F. Supp. 2d 1272, 2005 U. S. Dist. LEXIS 19331. In considering attorney's fees in an ADA action, a court must first determine whether the applicant is a prevailing party. In the instant matter, Plaintiff is clearly the prevailing party for her disability discrimination claim pursuant to the jury's verdict. As such, Plaintiff respectfully requests this Court issue an order that she is entitled to her reasonable attorney's fees, expenses and costs as the prevailing party for Count II of her Complaint, her ADA claim.

The Florida Civil Rights Act provides that "in any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." Fla. Stat. § 760.11(5) *See Hollie v. Goodwill Industries-Big Bend, Inc.,* 2009 U.S. Dist. LEXIS 99530, 22 Fla. L. Weekly Fed. D 121, 2009 WL 3667768. The FCRA's provision for award of attorney's fees is applied in a manner "consistent with federal case law involving a Title VII action." Fla. Stat. § 760.11(5). In the instant case, Plaintiff is the prevailing party for her handicap discrimination claim under the Florida Civil Rights Act

("FCRA") and as such, within the Court's discretion, be allowed to recover reasonable attorney's fees as part of Plaintiff's costs.

### (2) Provides a Fair Estimate of the Amounts Sought

Plaintiff's current attorney's fees total is $182,469.40. The parties have fully engaged in litigation in this case since September 2019. Plaintiff's current costs total $5,522.72.

### Conclusion

Although the parties conferred and continue to confer in attempts to resolve the attorney fees and costs amounts at issue, the parties have yet to do so. As such, Court intervention may be necessary to make this determination as to the reasonable amount of attorney's fees to Plaintiff.

Therefore, Plaintiff files the instant motion and respectfully requests the Court grant this motion and allow Plaintiff to proceed with the filing of a Supplemental Motion on Amount pursuant to Local Rule 7.01(c).

### 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), the undersigned has conferred with counsel for Defendant. Counsel for Defendant has represented that **Defendant is not opposed to Plaintiff's entitlement** but is opposed to the amount of fees and costs stated herein.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Entitlement of Fees and Expenses and allow Plaintiff to proceed with filing a Supplemental Motion on Amounts pursuant to Local Rule 7.01 (c).

Date: June 9, 2021　　　　　　　　　*/s/ David V. Barszcz*
　　　　　　　　　　　　　　　　　　**Mary E. Lytle, Esquire**
　　　　　　　　　　　　　　　　　　Florida Bar No.: 0007950
　　　　　　　　　　　　　　　　　　**David V. Barszcz, Esquire**
　　　　　　　　　　　　　　　　　　Florida Bar No.: 0750581
　　　　　　　　　　　　　　　　　　**LYTLE & BARSZCZ, P.A.**
　　　　　　　　　　　　　　　　　　533 Versailles Dr., 2nd Floor
　　　　　　　　　　　　　　　　　　Maitland, FL  32751
　　　　　　　　　　　　　　　　　　Telephone: (407) 622-6544
　　　　　　　　　　　　　　　　　　Facsimile: (407) 622-6545
　　　　　　　　　　　　　　　　　　mlytle@lblaw.attorney
　　　　　　　　　　　　　　　　　　dbarszcz@lblaw.attorney
　　　　　　　　　　　　　　　　　　**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2021, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a copy to: **Christopher Perini,** cperini@kdvlaw.com, **Abbye E. Alexander Esq.,** aalexander@kdvlaw.com, and, **Christopher E. Brown, Esq.** cbrown@kdvlaw.com, **KAUFMAN DOLOWICH VOLUCK, LLP,** 301 E. Pine Street., Suite 850, Orlando, Florida 32801; Fax: (888) 502-6353; and, **Jesse Daniel Drawas, Esq.,** jdrawas@kdvlaw.com, **KAUFMAN DOLOWICH VOLUCK,**

**LLP,** 100 SE Third Avenue, Suite 1500, Fort Lauderdale, FL 33394, Fax: (888) 464-7982.

> */s/ David V. Barszcz*
> **Counsel for Plaintiff**