UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASHLEY MERARD,**

        **Plaintiff,**

v.                                       Case No: 6:19-cv-1864-PGB-LRH

**MAGIC BURGERS, LLC.,**

        **Defendant.**
_____/

## ORDER

This cause is before the Court on Defendant's Motion to Alter Judgment and Reduce Damage Award to Statutory Cap/Limit. (Doc. 71 (the "**Motion**")). The Plaintiff has submitted a Response in Opposition. (Doc. 73). Upon due consideration, the Defendant's Motion is denied.

**I.  BACKGROUND**

Defendant Magic Burgers, LLC, employed Plaintiff Ashley Merard from July 27, 2017 to August 23, 2017. (Doc. 21, ¶ 2). Prior to and during Plaintiff's employment with Defendant, she had a closed trachea tube visible at the front of her neck. (*Id.* ¶¶ 1–3). Following Plaintiff's termination, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**"), alleging violations of the Americans with Disabilities Act ("**ADA**") and the Florida Civil Rights Act ("**FCRA**"). (Doc. 16-1 ("**Charge**")). Plaintiff alleged that she was discriminated against due to her disability. (*Id.*).

The case proceeded to trial on Count Two, disparate treatment in violation of the ADA, 42 U.S.C. § 12101, *et seq.*, and Count Five, disparate treatment under the FCRA, FLA. STAT. §§ 760.01, *et seq.* (Docs. 1, 32, 36). Following a two-day trial, the jury found in favor of Plaintiff and awarded $15,519.60 in lost wages, $30,000.00 in compensatory damages for emotional pain and mental anguish, and $2,000,000.00 in punitive damages. (Doc. 61). The Court reduced the damage award to $345,519.60.[1] (Doc. 68). Defendant now moves the Court for entry of an order further reducing the award to $315,519.60. (Doc. 71, p. 5).

## II. LEGAL STANDARD

"Remittitur is the procedural process by which an excessive verdict of the jury is reduced, and it is well understood that a 'jury's verdict should not be disturbed if there is competent evidence in the record to support it.'" *Bralo v. Spirit Airlines,* No. 13-60948, 2014 WL 11633701, at *1 (S.D. Fla. Apr. 18, 2014) (citations omitted). That said, "[t]he Court is not to substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce the award merely because it would have found differently." *Id.* (citation omitted).

## III. DISCUSSION

Defendant argues the Court erred by not reducing the award for compensatory and punitive damages to a maximum of $300,000.00 pursuant to

---

[1] The total award consists of $300,000 for punitive damages (42 U.S.C. § 1981a(b)(3) cap), $30,000 for compensatory damages under the FCRA, and $15,519.60 for lost wages.

2

42 U.S.C. § 1981a(b)(3). (*Id.* at p. 3). Defendant correctly notes that the statute provides "[t]he sum of the amount of compensatory damages awarded under this section . . . and the amount of punitive damages awarded under this section shall not exceed" $300,000 when the Defendant "has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year." (*Id.*).

However, the statutory cap relied on by the defense only applies to "damages awarded under this section." *See Bradshaw v. Sch. Bd. of Broward Cnty., Fla.*, 486 F.3d 1205, 1208 (11th Cir. 2007) ("The Title VII provision caps only 'the amount of compensatory damages awarded *under this section*,' 42 U.S.C. § 1981a(b)(3) (emphasis added), and other provisions of Title VII disclaim any intent to limit awards under other statutes."). Plaintiff cites the Eleventh Circuit's decision in *Bradshaw* for the proposition that "[t]o declare that any part of [Plaintiff's] injury could be remedied under only one of the two statutes would be senseless . . . [s]o if Title VII cannot remedy the full extent of her injury because of its damage cap, then the remaining portion of her injury should be remedied as much as possible under the Florida CRA, and vice versa." 486 F.3d at 1207–08 (citations omitted).

Plaintiff states that "when a Plaintiff prevails under both the ADA and FCRA," "she has legal remedies available for allotment under both the applicable state and federal law." (Doc. 73, p. 2). She relies on *Bralo v. Spirit Airlines*, where the plaintiff sued under the ADA and FCRA. 2014 WL 116337, at *1. The jury awarded Bralo $150,000.00 in back pay, $10,000.00 in compensatory damages for emotional distress, and $375,000.00 in punitive damages. *Id.* The plaintiff

3

argued, and Spirit Airlines conceded, that the District Court has discretion to allow the plaintiff to recover punitive damages under the ADA and compensatory damages under the FCRA.

The Court agrees with Plaintiff's construction of the law, finding it to be consistent with Eleventh Circuit precedent and sound principles of statutory construction.[2] While Plaintiff's ADA punitive damages award is capped at $300,000.00, she is entitled to the jury's award of $30,000.00 for emotional distress under the FCRA. The Defendant does not contest the propriety of awarding lost wages, for the purpose of this Motion.

## IV.  CONCLUSION

For these reasons, the Defendant's Motion to Alter Judgment and Reduce Damage Award to Statutory Cap/Limit (Doc. 71) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 23, 2021.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Defendant's reliance on *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, for the contrary conclusion is misplaced because the Court was confronted only with federal statutory causes of action all subject to the statutory cap on compensatory and punitive damages. 421 F.3d 1169, 1176 (11th Cir. 2005).