**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ASHLEY MERARD,

    Plaintiff,

v.    Case No:   6:19-cv-1864-PGB-LRH

MAGIC BURGERS, LLC.

    Defendant.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S OPPOSED MOTION REQUESTING ENTITLEMENT TO ATTORNEY FEES AND COSTS (Doc. 74)
>
> **FILED:** June 9, 2021
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

On September 27, 2019, Plaintiff Ashley Merard instituted this action against Defendant Magic Burgers, LLC, her former employer, asserting claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA")

and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA").   (Doc. 1). Plaintiff alleged six causes of action: failure to accommodate under the ADA (Count I); disparate treatment under the ADA (Count II); retaliation under the ADA (Count III); failure to accommodate under the FCRA (Count IV); disparate treatment under the FCRA (Count V); and retaliation under the FCRA (Count VI).   (*Id.*).

On April 1, 2021, the Court granted summary judgment in favor of Defendant as to Counts I, III, IV, and VI of Plaintiff's Complaint.   (Doc. 32).   The case proceeded to jury trial on Counts II and V.   (Docs. 53-54).   On May 4, 2021, the jury returned a verdict in Plaintiff's favor on both counts and awarded her damages for lost wages, emotional pain and mental anguish, and punitive damages.   (Doc. 61).   On May 12, 2021, the Court entered judgment in favor of Plaintiff in the amount of $345,519.60 plus interest and costs.   (Docs. 67-68).[1]

By the present motion, Plaintiff now asks the Court to find that she is entitled to attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2) and

---

[1] The verdict form reflects that the jury awarded $15,519.60 in damages for net loss of wages, $30,000.00 in damages for emotional pain and mental anguish, and $2,000,000.00 in punitive damages.   (Doc. 61).   However, the Court in its final judgment reduced the amount of damages to $345,519.60.   (Doc. 67, at 2, n. 1).   The Court explained that the ADA has a $300,000.00 statutory damages cap on both compensatory and punitive damages combined, but the FCRA only caps punitive damages (at $100,000.00).   (*Id.*).   The Court then allotted Plaintiff's punitive damages award to her ADA claim (up to the full $300,000.00 cap), and allotted her compensatory damages award (of $45,519.60) to her FCRA claim.   (*Id.*).   Defendant subsequently filed a motion to alter the judgment and further reduce the damage award, which the Court denied.   (Docs. 71, 78).

Local Rule 7.01(b). (Doc. 74). Plaintiff estimates that her current attorneys' fees total approximately $182,469.40, and that she has incurred approximately $5,522.72 in costs. (*Id.* ¶¶ 6-7). According to the motion, Defendant does not dispute that Plaintiff is entitled to attorneys' fees and costs, but does oppose the amount of fees and costs sought by Plaintiff. (*Id.*, at 1 n.1, 3 ¶ 10, 5). However, the issue of quantification is not yet before the Court, *see* Local Rule 7.01(a), (b); *see also* Doc. 74, at 5, and Defendant did not file a response to the present motion on entitlement. Thus, the motion for entitlement will be treated as unopposed. *See* Local Rule 3.01(c). The motion was referred to the undersigned for the issuance of a report and recommendation, and the matter is ripe for review.

## II. LEGAL STANDARDS.

Pursuant to Federal Rule of Civil Procedure 54(d), within fourteen days after the entry of judgment, a party may move the Court for an award of attorneys' fees and related non-taxable expenses, provided that an award of such fees is allowed by statute, rule, or other grounds. Fed. R. Civ. P. 54(d)(2). Similarly, Local Rule 7.01(b) requires that within fourteen days after entry of judgment, the party claiming fees and non-taxable expenses must request a determination of entitlement in a motion that specifies the judgment and the statute, rule, or other ground

entitling the movant to the award and states the amount sought or provides a fair estimate of the amount sought.[2]

### III. ANALYSIS.

The undersigned finds that Plaintiff has complied with the procedural requirements of Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.01(b). First, Plaintiff timely moved for entitlement to attorneys' fees and costs.[3] Second, the motion both specifies the judgment and the statutes entitling her to an award of fees and costs and states the amounts Plaintiff seeks. (Doc. 74, at 3-5). Thus, the undersigned will proceed to consider Plaintiff's entitlement to fees and costs on the merits pursuant to the ADA and the FCRA.[4]

---

[2] Although Plaintiff does not specify the types of costs for which she will seek recovery, it appears that she is only seeking a ruling that she is entitled to the recovery of non-taxable costs and expenses. For example, Plaintiff only cites to Federal Rule of Civil Procedure 54(d)(2), which governs non-taxable costs, and Local Rule 7.01, which establishes the process for seeking recovery of non-taxable expenses. (Doc. 74, at 3). Plaintiff nowhere cites to Federal Rule of Civil Procedure 54(d)(1), which governs taxable costs, and to date has not filed a bill of costs, as required by Rule 54(d)(1). Thus, the undersigned will proceed to consider Plaintiff's motion pursuant to Rule 54(d)(2) and Local Rule 7.01.

[3] Prior to the expiration of the 14-day deadline set forth in Fed. R. Civ. P. 54(d)(2) and Local Rule 7.01(b), Plaintiff moved for, and this Court granted, an extension of time through June 9, 2021 to file the present motion. (Docs. 69-70). The motion was filed on the deadline. (Doc. 74).

[4] Plaintiff has also complied with the requirement of Local Rule 7.01(b) that the motion for entitlement must include a memorandum of law. *See* Doc. 74, at 3-5. Moreover, because the Court has not ordered the disclosure of the terms of any agreement about fees for the services for which the claims were made, the undersigned finds that the requirement of Fed. R. Civ. P. 54(d)(2)(B)(iv) does not apply.

*A. Entitlement to attorneys' fees and costs under the ADA.*

The ADA's fee-shifting provision provides as follows:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

Plaintiff argues that because the jury found in her favor on her claim for disparate treatment under the ADA (Count II), she is the prevailing party for purposes of the statute's fee-shifting provision. (Doc. 74, at 4). Defendant raises no objection, and on review, the undersigned agrees. "The touchstone of the prevailing party inquiry is whether the plaintiff achieved a 'judicially sanctioned change in the legal relationship of the parties.'" *Hoewischer v. The Pantry, Inc.*, Nos. 3:12-cv-2-J-34TEM, 3:12-cv-4-J-34TEM, 3:12-cv-100-J-34TEM, 3:12-cv-109-J-34TEM, 2013 WL 2477205, at *2 (M.D. Fla. June 10, 2013) (quoting *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)); *see also Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F. 3d 1315, 1319 (11th Cir.2002). The Eleventh Circuit has interpreted prevailing party status to mean "(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship

between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F. 3d 901, 905 (11th Cir. 2003) (quoting *Buckhannon*, 532 U.S. at 603, 605).

Plaintiff satisfies this definition, because the Court entered judgment awarding Plaintiff damages for her ADA claim. *See* Docs. 61, 67. As such, the Plaintiff was awarded at least "some relief on the merits," and the undersigned finds that Plaintiff is entitled to attorneys' fees and costs for this claim. The undersigned will therefore recommend to the Court that the motion for entitlement be granted as to the ADA claim.

*B. Entitlement to attorneys' fees under the FCRA.*

With respect to Plaintiff's claim under the FCRA, the statute provides in relevant part:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.

Fla. Stat. § 760.11(5).

The undersigned also finds – and Defendant does not dispute – that Plaintiff is entitled to attorneys' fees as the prevailing party on her claim under the FCRA (Count V).[5] *See Booth v. Pasco Cnty.*, No. 8:09-cv-2621-T-30TBM, 2015 WL 728178,

---

[5] Plaintiff appears to only seek entitlement to "reasonable attorney's fees as part of Plaintiff's costs" in connection with her FCRA claim. (Doc. 74, at 4-5). *See also* Fla. Stat. § 760.11(5). It does not appear that Plaintiff is seeking to recover any expenses via this statute.

- 6 -

at *2 (M.D. Fla. Feb. 19, 2015) (awarding reasonable fees to plaintiffs who received jury verdict in their favor on retaliation claims brought under both Title VII, 42 U.S.C. § 2000e, *et seq.*, and the FCRA, and recognizing that plaintiffs were prevailing parties under both federal statutes and § 760.11(5)); *see also Aguirre v. City of Miami*, No. 04-23205-CIV-HIGHSMITH/MCALILEY, 2008 WL 11405966, at *2 (S.D. Fla. Mar. 24, 2008), *report and recommendation adopted*, 2008 WL 11405942 (S.D. Fla. Apr. 8, 2008) (recognizing that plaintiff was prevailing party where jury awarded plaintiff damages on claim brought under FCRA).  Thus, the undersigned finds that Plaintiff is also entitled to attorneys' fees for her FCRA claim (Count V), and will recommend to the Court that the motion for entitlement be granted as to the FCRA claim as well.

### IV.   CONCLUSION.

Based on the foregoing, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT** Plaintiff's Opposed Motion Requesting Entitlement to Attorney Fees and Costs (Doc. 74);

2. **FIND** that Plaintiff is entitled to attorneys' fees and non-taxable expenses in connection with her ADA claim (Count II) and to attorneys' fees in connection with her FCRA claim (Count V); and

3. **PERMIT** Plaintiff to file a supplemental motion on amount pursuant to the requirements of Local Rule 7.01(c).

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 19, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record