## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ASHLEY MERARD,

        Plaintiff,

v.                                       Case No:   6:19-cv-1864-PGB-LHP

MAGIC BURGERS, LLC.,

        Defendant

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:    PLAINTIFF'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES (Doc. No. 94)**
>
> **FILED:    January 20, 2022**
>
> _____
>
> **THEREON it is RECOMMENDED that the motion be GRANTED in part, DENIED WITHOUT PREJUDICE in part, and DENIED in part**

## I.    BACKGROUND

On September 27, 2019, Plaintiff Ashely Merard ("Plaintiff") instituted this action against Defendant Magic Burgers, LLC ("Defendant"), her former employer, asserting claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA").    Doc. No. 1. Plaintiff initially alleged six causes of action against Defendant:    failure to accommodate under the ADA (Count I); disparate treatment under the ADA (Count II); retaliation under the ADA (Count III); failure to accommodate under the FCRA (Count IV); disparate treatment under the FCRA (Count V); and retaliation under the FCRA (Count VI).    *Id.*

On April 1, 2021, the Court granted summary judgment in favor of Defendant as to Counts I, III, IV, and VI of Plaintiff's Complaint. Doc. No. 32. The case proceeded to jury trial on Counts II and V (disparate treatment under the ADA and FCRA).    Doc. Nos. 53-54.    On May 4, 2021, the jury returned a verdict in Plaintiff's favor on both counts and awarded her damages for lost wages, emotional pain and mental anguish, and punitive damages.    Doc. No. 61.    On May 12, 2021, the Court entered judgment in favor of Plaintiff in the amount of $345,519.60 plus interest and costs.    Doc. Nos. 67-68.[1]

_____

[1] The verdict form reflects that the jury awarded $15,519.60 in damages for net loss of

Thereafter, on June 9, 2021, Plaintiff filed a Motion Requesting Entitlement to Attorneys' Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.01(b).   Doc. No. 74.   According to that motion, Defendant did not dispute that Plaintiff was entitled to attorneys' fees and costs, but opposed the amount of fees and costs sought by Plaintiff.   *Id.*, at ¶ 1 n.1 and 3.   Defendant did not otherwise respond to the motion.[2]   On December 6, 2021, the Court granted Plaintiff's motion, held that Plaintiff is entitled to an award of attorneys' fees and non-taxable expenses in connection with her ADA claim, and to an award of attorneys' fees in connection with her FCRA claim.   Doc. No. 92; *see also* Doc. No. 91.   The Court also directed Plaintiff to file a supplemental motion on the amount of fees and non-taxable expenses pursuant to Local Rule 7.01(c).   Doc. No. 92.

On January 20, 2022, Plaintiff timely-filed the present Supplemental Motion on Amount of Attorneys' Fees and Non-Taxable Expenses ("Supplemental Motion").   Doc. No. 94.[3]   The Supplemental Motion seeks $171,530.40 in

---

wages, $30,000.00 in damages for emotional pain and mental anguish, and $2,000,000.00 in punitive damages.   Doc. No. 61.   However, the Court in its final judgment reduced the amount of damages to $345,519.60.   Doc. No. 67.   Defendant subsequently filed a motion to alter the judgment and further reduce the damage award, which was denied.   Doc Nos. 71, 78.

[2] Defendant also did not file any objections to the undersigned's report (Doc. No. 91) recommending granting of the motion for entitlement.

[3] Prior to the Court ruling on the motion for entitlement, Defendant filed a Notice of Appeal.   Doc. No. 75.   And prior to filing the present Supplemental Motion, Plaintiff filed a motion seeking an extension of time to file the Supplemental Motion until after any appeal had been resolved.   Doc. No. 93.   However, before the Court could address the motion for extension of time, Plaintiff filed her Supplemental Motion, rendering any requested extensions moot.   *See* Doc. Nos. 94-95.   And while Plaintiff spends some time discussing the potential impact of an

attorneys' fees and $5,066.80 in non-taxable expenses.    Doc. No. 94.    In support of this request, Plaintiff attaches a set of attorney and legal assistant time records (Doc. No. 94-1), a "Cost Log" listing what Plaintiff claims are non-taxable expenses (Doc. No. 94-2), invoices for some of the non-taxable expenses (Doc. No. 94-3), and the affidavit of David Barszcz, Esq., one of Plaintiff's attorneys in this matter (Doc. No. 94-4).    The Local Rule 3.01(g) Certificate states that Defendant opposes the relief sought in the Supplemental Motion.    *Id.*, at 11.    However, Defendant did not file a response in opposition and the time to do so has expired.    *See* Local Rule 3.01(c). Therefore, the matter is deemed unopposed, has been referred to the undersigned, and is ripe for review.

---

appeal on the Supplemental Motion (Doc. No. 94, at 4), Plaintiff has not otherwise renewed any request to stay resolution of the matter, and Defendant has remained entirely silent.    As such, it appears that both sides have waived any arguments that determination of the amount of fees and non-taxable expenses to be awarded should be postponed until resolution of the pending appeal.

    Moreover, the Notice of Appeal does not automatically divest the Court's jurisdiction over the issue of fees and costs.    *See American Infoage, LLC v. Regions Bank*, No. 8:13-cv-1533-T-23JSS, 2015 WL 5915969, at *1 (M.D. Fla. Oct. 8, 2015) ("Specifically, the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case.") (citing *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007)); Fed. R. Civ. P. 54(d) Advisory Committee notes to 1993 Amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847-848 (11th Cir. 2018) (finding that a district court had jurisdiction to decide the attorney's fee motion notwithstanding an appeal because attorney's fees were collateral to the appeal and noting that "[a]fter a notice of appeal has been filed, the district court retains jurisdiction to rule on motions that are collateral to the merits, including motions for attorney's fees."); *Carlson v. FedEx Ground Package Sys.*, No. 8:05-cv-1380-T-24TGW, 2014 WL 272596, at *3 (M.D. Fla. Jan. 24, 2014) (electing not to stay attorneys' fee determination pending appeal and granting motion for attorney's fees).    Accordingly, and in light of the lack of opposition from any party on the matter, the undersigned has elected to address the merits of the Supplemental Motion at this time.

For the reasons set forth below, I will respectfully recommend that the Supplemental Motion be granted in part and denied in part.

## II.    THE REQUESTED ATTORNEYS' FEES

Plaintiff seeks attorneys' fees under both the ADA and FCRA.    Courts in this Circuit have used the lodestar method when determining quantification of attorneys' fees under the ADA.    *See, e.g., Caplan v. All American Auto Collision, Inc.,* ---F.4th---, 2022 WL 1939553, at *3 (11th Cir. June 6, 2022); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1349-50 (S.D. Fla. 2006).    The lodestar method is also used in quantifying attorneys' fees under the FCRA.    *See, e.g., Aguirre v. City of Miami*, No. 04-23205-CIV-HIGHSMITH/MCAILILEY, 2008 WL 11405966, at *2 (S.D. Fla. Mar. 24, 2008).

With the lodestar method, "[t]he starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."    *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983)).    In applying the lodestar analysis, the party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable.    *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).    The fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought.    *See,*

*e.g.*, *Hensley*, 461 U.S. at 433.   In addition, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citations omitted). Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.   *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

A.   *The Reasonableness of the Hourly Rates Requested*

Under the lodestar method, a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Norman*, 836 F.2d at 1299 (citations omitted).   *See also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).   The "relevant market" is "the place where the case is filed."   *Am. Civil Liberties Union of Ga. V. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).   To establish that the requested hourly rate is consistent with the prevailing market rate, the fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits."   *Norman*, 836 F.2d at 1299.   This requires "more than the affidavit of the attorney performing the work," and generally

includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id.* In addition, the Court may consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[4] and the Court may rely on its own knowledge and experience of the prevailing market rate.[5] *See Norman*, 836 F.2d at 1299-1300, 1303. However, "[t]he going rate in the community is the most critical factor in setting the fee rate." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445-Orl-22DAB, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012) (citing *Martin v. University of South Ala.*, 911 F.2d 604, 610 (11th Cir. 1990)).

Here, Plaintiff claims that two attorneys (Mary E. Lytle and David V. Barszcz), two legal assistants (Kristina Cabaleiro and Shannon McGloin), and one

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] *Johnson* was abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989). However, the *Johnson* factors remain viable in assessing a reasonable hourly rate in calculating attorney's fees. *See Loranger*, 10 F.3d at 781 n.6 ("Although its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate." (citing *Norman*, 836 F.2d at 1299)). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

law clerk (Melinda Assi), all employed at the firm of Lytle & Barszcz, P.A., performed services in this case, and request the following hourly rates:

| | |
|---|---|
| Mary E. Lytle, Esq. | $480.00 |
| David V. Barszcz, Esq. | $450.00 |
| Kristina Cabaleiro | $125.00 |
| Shannon McGloin | $125.00 |
| Melinda Assi | $125.00 |

Doc. No. 94, 5-8.

> 1.    *The Hourly Rates for Attorney Lytle ($480.00) and Attorney Barszcz ($450.00).*

Attorney Lytle obtained her Juris Doctorate Degree with honors from Florida State University College of Law and has spent the majority of her almost 30-year career practicing exclusively in the area of employment law.   Doc. No. 94, at 5; *see also* Doc. No. 94-4, at ¶ 10.   She is the Managing Partner of Lytle & Barszcz, P.A., and has worked on this case since its inception.   Doc. No. 94, at 5; *see also* Doc. No. 94-4, at ¶ 10.   Attorney Barszcz obtained his Juris Doctorate Degree from Barry University's School of Law and has been practicing law since 2004, with five years spent as an assistant public defender, and the remainder of his practice spent in civil litigation specializing in employment law.   Doc. No. 94, at 6; *see also* Doc. No. 94-4 at ¶ 9.   Since 2011, Attorney Barszcz has devoted his entire career to employment

law matters and he was the lead attorney in this case.   Doc. No. 94, at 6; *see also* Doc. No. 94-4 at ¶ 9.

The only evidence submitted in support of the requested hourly rates is the Affidavit of Attorney Barszcz.   Doc. No. 94-4.   The affidavit reiterates the above noted qualifications of Attorneys Lytle and Barszcz, and then states, in conclusory fashion, that the requested rates are reasonable and customary and fall within the ranges approved by the Middle District.   *Id.*, at ¶¶ 7-10.   In sum, the affidavit is largely self-serving and is insufficient to establish the reasonableness of the rates requested.   *See Norman*, 836 F.2d at 1299.   *See also* Local Rule 7.01(c)(4)(F).   In addition, the only case Plaintiff cites in the Supplemental Motion to support the requested hourly rates is *Cenntennial Bank v. Felipe Vazquez*, No. 6:20-cv-2237-ACC-EJK, 2021 WL 5055032, at *1 (M.D. Fla. Oct. 14, 2021), *report and recommendation adopted sub nom.*, 2021 WL 5051980 (M.D. Fla. Nov. 1, 2021), which is not an employment discrimination case, but rather a commercial contract dispute.

As such, I will instead rely upon my own knowledge and experience concerning reasonable and proper hourly rates in the Central Florida area for employment discrimination cases, as well as the *Johnson* factors, to determine an appropriate hourly rate for each attorney.   *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form

an independent judgment either with or without the aid of witnesses as to value."). Undertaking that analysis, the undersigned finds that the rates sought for Attorneys Lytle and Barszca are unreasonably high.

To begin, the undersigned has been unable to locate any decision from the Orlando, Florida area where hourly rates of $480.00 and $450.00 per hour have been awarded to attorneys in employment discrimination cases.   To the contrary, the decisional authority establishes a much lower hourly rate.   *See, e.g., Bishop v. VIP Transportation Group, LLC*, No. 6:15-cv-2118-Orl-22KRS, Doc. 46 (M.D. Fla. Apr. 7, 2017) (recommending a rate of $350 per hour as reasonable for an attorney with more than 20 years of experience as a labor and employment attorney); *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2020 WL 5505389, at *3–4 (M.D. Fla. Aug. 21, 2020), *report and recommendation adopted*, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) (finding hourly rate of $325 reasonable for attorney with more than 20 years of experience and hourly rate of $200 reasonable for attorney with approximately five years of legal experience); *Parker v. Green Mountain Specialties Corp.*, No. 6:19-cv-1571-Orl-37GJK, 2020 WL 1957573, at *4 (M.D. Fla. Apr. 7, 2020), *report and recommendation adopted*, 2020 WL 1955340 (M.D. Fla. Apr. 23, 2020) (finding $300 per hour a reasonable rate where counsel had been licensed since 2007 and exclusively practiced in labor and employment law); *Sanchez v. M&F, LLC*, No. 6:17-cv-1752-Orl-22LRH, 2020 WL 6106094, at *5 (M.D. Fla. June 17, 2020) (awarding an attorney

with 20-years' experience in employment law and FLSA issues an hourly rate of $375 in an FLSA case but noting that the rate was on the high side), *report and recommendation adopted*, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020); *Avena v. Imperial Salon & Spa, Inc.*, No. 6:18-cv-86-Orl-22DCI, 2019 WL 5111954, at *4–5 (M.D. Fla. June 13, 2019) (awarding hourly rates of $310.00 for an attorney with 20 years of experience, and $110 for a paralegal, in an employment discrimination case brought in the Orlando Division of the Middle District of Florida).[6] *See also Redish v. Blair*, No. 5:14-CV-260-OC-22PRL, 2015 WL 6688410, at *2 (M.D. Fla. Oct. 30, 2015) (finding in ADA discrimination case filed in the Ocala Division that an hourly rate of $325.00 is reasonable for an attorney with 40-years' experience), and *Griffith v. Landry's, Inc.*, No. 8:14-CV-3213-T-35JSS, 2016 WL 11578768, at *3 (M.D. Fla. Aug. 17, 2016) (in FLSA case filed in Tampa Division, reducing hourly rate from $500.00 to $350.00 for managing partner with 27-years' experience litigating commercial and employment disputes).

Consideration of the *Johnson* factors further establishes that the hourly rate sought is unreasonable.  While the undersigned recognizes that this case proceeded through jury trial, there is simply no evidence presented by Plaintiff that this case imposed any time or labor limitations upon counsel, that the issues

---

[6] The undersigned notes that many of these cited decisions involved either joint motions, or motions for default judgment, which the undersigned finds particularly relevant here, given the lack of any opposition from Defendant.

involved were novel or complex, that counsel required any specialized skill to perform the legal services properly, that counsel was precluded from other employment during the pendency of this action, that the case was undesirable, or that either Attorney Lytle or Attorney Barszcz had a lengthy professional relationship with Plaintiff.   The only factor that weighs in favor of a slightly higher hourly rate is the fact that Plaintiff prevailed on all claims that proceeded to trial and received an extremely favorable result – a jury verdict in excess of $2 million – which was only reduced as required by applicable statutory caps.   *See* Doc. Nos. 61, 67.

Accordingly, taking into account the various *Johnson* factors, the hourly rates awarded to attorneys with comparable experience in comparable employment discrimination cases in the Orlando Division, the undersigned's own expertise, and the absence of any evidence or citation to any relevant authority by Plaintiff supporting higher hourly rates, the undersigned will respectfully recommend reduced hourly rates of **$375.00** for Attorney Lytle and **$350.00** for Attorney Barszcz.

> 2. *The Hourly Rates for Kristina Cabaleiro, Shannon McGloin, and Melinda Assi*

Plaintiff seeks $125.00 per hour for the work of Mrs. Cabaleiro, Ms. McGloin, and Ms. Assi.   Doc. No. 94, at 6-8.   As before, the only information provided to support these rates is the self-serving affidavit of Plaintiff's own counsel – Attorney

Barszcz.  *See* Doc. No. 94-4.   And the information provided regarding each of these individual's experience is barebones at best.

- Mrs. Cabaleiro is a legal assistant at Lytle & Barszcz, who has assisted in employment law cases for "nearly nine years."   Doc. No. 94-4, at ¶ 11. Other than explaining the work Mrs. Cabaleiro performed in this litigation, Plaintiff provides no further information concerning Mrs. Cabaleiro's experience and qualifications to support the requested hourly rate.   *See id.*

- Ms. McGloin is also a legal assistant at Lytle & Barszcz.   Doc. No. 94, at 7; Doc. No. 94-4, at ¶ 12.   But other than stating that she has obtained an Associate of Arts degree, a Bachelor's degree, and a Master's Degree in Business Administration, and explaining the work she performed in this case, Plaintiff again fails to provide any further information concerning Mrs. McGloin's experience or qualifications.   Doc. No. 94, at 7; Doc. No. 94-4, at ¶ 12.

- Ms. Assi worked for Lytle and Barszcz on a temporary basis as a law clerk, while completing her studies at Barry University School of Law.    Doc. No. 94, at 8; Doc. No. 94-4, at ¶ 13.   She "assisted on numerous cases by performing case research, drafting motions, assisting with discovery and assisting on class action matters and single Plaintiff cases like the instant

case." Doc. No. 94, at 8; *see also* Doc. No. 94-4, at ¶ 13. This is the extent of the information provided as to Ms. Assi's experience and qualifications.

In addition to the paucity of information provided, Plaintiff's Supplemental Motion is wholly bereft of a single case citation to support these hourly rates. *See* Doc. No. 94, at 1-10. The undersigned will therefore again rely upon my own knowledge and experience concerning reasonable and proper fees to determine an appropriate hourly rate for the two legal assistants and one law clerk.

Upon review, the undersigned finds that a reasonable hourly rate for these three individuals is $100.00. *See Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1269247, at *5 (M.D. Fla. Mar. 1, 2021), *report and recommendation adopted*, No. 6:20-cv-786-RBD-GJK, 2021 WL 1264249 (M.D. Fla. Apr. 6, 2021) (finding that a reasonable hourly rate for a legal assistant is $100.00 based on the issues involved in the case and the lack of evidence provided as to the legal assistants' experience); *HRCC, Ltd. V. Hard Rock Café Int'l (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *6 (M.D. Fla. Mar. 26, 2018), *report and recommendation adopted*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863779, at *1 (M.D. Fla. Apr. 13, 2018) (finding that $100 per hour is reasonable for the work done by legal assistant); *Neilson Enterprises, Inc. v. Federal Ins. Co.*, No. 6:19-cv-875-Orl-31GJK, 2020 WL 8167127, at *2 (M.D. Fla. Dec. 21, 2020), *report and recommendation adopted*, 2021 WL 129942, at *1 (M.D. Fla. Jan. 14, 2021) (finding rate of $100.00 per hour

reasonable for law clerk and for paralegal with 32-years' experience). *See also Hurst*

*v. Seterus, Inc.*, No. 2:15-CV-4-FTM-29CM, 2015 WL 3915562, at *2 (M.D. Fla. June

25, 2015) (reducing requested hourly rate of $110.00 for paralegal and legal assistant

to $75.00 where "[n]o documentation was provided in support of the [paralegal's

and legal assistant's] individual experience or their hourly rates.").

Accordingly, the undersigned will respectfully recommend hourly rates of

**$100.00** for Mrs. Cabaliero, Mrs. McGloin, and Ms. Assi.

B.    *The Reasonableness of the Hours Requested*

The second half of the lodestar analysis requires the Court to calculate the

number of hours reasonably expended on the litigation.  Counsel must exercise

proper "billing judgment" and exclude hours that are "excessive, redundant, or

otherwise unnecessary." *Hensley*, 461 U.S. at 434.  In demonstrating that the

requested hours are reasonable, counsel "should have maintained records to show

the time spent on the different claims, and the general subject matter of the time

expenditures ought to be set out with sufficient particularity so that the district

court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

Inadequate documentation may reduce the fees requested.  *Hensley*, 461 U.S. at

433.  The court may also reduce hours it finds excessive or unnecessary.  *Id.*

After the moving party provides sufficient documentation to support an

attorney's fees award, the burden shifts to the opposing party to submit objections

and proof that are specific and reasonably precise.  *Barnes*, 168 F.3d at 428 (citing *Norman*, 836 F.2d at 1301).   A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal.  *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)).   Nevertheless, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (internal quotation marks omitted). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut.  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Plaintiff seeks recovery for a total of 542.4 hours of time expended by two attorneys, two legal assistants, and one law clerk from August 23, 2017 to November 19, 2021 as follows:

| | |
|---|---|
| Mary E. Lytle, Esq. | 97.9 hours |
| David V. Barszcz, Esq. | 213.2 hours |
| Kristina Cabaleiro | 203.2 hours |
| Shannon McGloin | 26.7 hours |

Melinda Assi                    1.4 hours

Doc. No. 94, at 5-8; *see also* Doc. No. 94-1; Doc. No. 94-4, at ¶¶ 9-13.

Despite being given an opportunity to do so, Defendant has not attacked or objected to any of the hours requested.    *See Scelta*, 203 F. Supp. 2d at 1333.    Thus, the undersigned has only reviewed Plaintiff's submitted time sheets to determine, based on the undersigned's own knowledge and experience, if the work done was unnecessary, excessive, or redundant.    *See Barnes*, 168 F.3d at 428.

In support of the requested hours, Plaintiff has attached twenty-three (23) pages of attorney, legal assistant, and law clerk time records.    Doc. No. 94-1. Plaintiff also refers to the affidavit of Attorney Barszcz in support of the reasonableness of the hours spent on this matter. *See* Doc. No. 94-4, at ¶ 7-8. Additionally, counsel for Plaintiff represents that he "reviewed each task and time entry, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable."    Doc. No. 94, at 8; *see also* Doc. No. 94-4, at ¶ 6.[7]    The present motion also states that "Lytle & Barszcz represented Plaintiff Merard on a contingency fee basis and fronted all costs to represent her through trial, and currently on appeal."    Doc. No. 94, at 8.

---

[7] The affidavit of Attorney Barszcz states that "[a]lthough the full Lytle & Barszcz team attended many strategy, discovery, deposition preparation and trial preparation meetings, and all members of our team contributed to the successful trial verdict obtained; many hours and contributions of our staff members were not listed on the Attorney Fee Sheet which lists only the taxable hours available for submission per the Rule."    Doc. No. 94-4, at ¶ 6.

After review of the time sheets (Doc. No. 94-1), the undersigned finds that the vast majority of the requested hours are reasonable, in consideration of the issues at play in this litigation and the procedural history of this case.   The time records do not establish that multiple attorneys were engaging in duplicative tasks, but rather that each time-keeper largely performed his or her separate role in the litigation.   Doc. No. 94-1.   *See Barnes*, 168 F.3d at 432 (citations and internal quotation marks omitted) ("There is nothing inherently unreasonable about a client having multiple attorneys . . . , a reduction for redundant hours is warranted only if the attorneys are unreasonably doing the same work.   An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.").

There is one area of concern, however.   A review of Plaintiff's time records show that some of the time billed by the legal assistants was for clerical work, which is not recoverable.   *See, e.g., Scelta,* 203 F. Supp. 2d at 1334 ("[W]ork that is clerical or secretarial in nature is not separately recoverable."); *Sequoia Fin. Solutions v. Warren*, No. 8:12-CV-2453-T-35EAJ, 2014 WL 12656545, at *4 n.6 (M.D. Fla. Aug. 21, 2014) (noting same); *Natera v. Mastercorp of Tennessee, Inc.*, No. 6:08-CV-2088-ORL-22D, 2009 WL 2765878, at *2 (M.D. Fla. Aug. 27, 2009) (reducing the number of recoverable attorney hours to remove "non-compensable clerical work").   *See also Kahn v. Cleveland Clinic Fla. Hosp.*, No. 16-61994-CIV-O'SULLIVAN, 2020 WL

10502419, at *4 (S.D. Fla. Apr. 20, 2020) ("However, time entries for clerical work, such as e-filing or emailing documents, is not compensable.").

Mrs. Cabaleiro has time entries totaling 10.5 hours for clerical tasks such as: (1) "File Complaint, summons, civil cover sheet, file, save and send to client."; (2) "File CMR"; (3) "Serve rule 26 disclosures, update calendar and forward to client for her records."; (4) "File [Notice] of Mediation"; (5) "Served Amended rule 26"; (6) "Sent out subpoenas"; (7) "Receive invoice from children first for records"; (8) "Save MSJ filings and print a set for attys"; (9) "ordered deposition transcript – rivera"; (10) "save filed joint stip – doc 21"; (11) "filed response to MSJ"; (12) "Set pretrial conference"; (13) "Confirmed pretrial conference"; (14) "Ordered Nelson transcript from Fontaine"; (15) "File [Plaintiff] exhibit list"; and (16) "Order PTC transcript." *See* Doc. No. 94-1, at 3-21.  These hours are not compensable, and Plaintiff provides no legal authority to the contrary.  The undersigned will therefore respectfully recommend that Mrs. Cabaleiro's hours be reduced by 10.5 hours to a total of **192.7** hours.

Other than this lone reduction, and in the absence of any objection by Defendant, the undersigned finds that the remainder of the hours requested by Plaintiff to be reasonable.  The undersigned will therefore recommend that the Court find the hours requested—after a 10.5-hour reduction of Mrs. Cabaleiro's

hours—to be reasonable and award them to Plaintiff.[8]   When combined with the

recommended reduced hourly rates, this results in a total award of **$133,412.50** in

attorneys' fees, calculated as follows:

| Individual | Rate | Hours | Fees |
|---|---|---|---|
| Mary E. Lytle, Esq. | $375.00 | 97.9 | $36,712.50 |
| David V. Barszcz, Esq. | $350.00 | 213.2 | $74,620.00 |
| Kristina Cabaleiro | $100.00 | 192.7 | $19,270.00 |
| Shannon McGloin | $100.00 | 26.7 | $2,670.00 |
| Melinda Assi | $100.00 | 1.4 | $140.00 |
| TOTAL: | | | **$133,412.50** |

## III.    NON-TAXABLE EXPENSES UNDER FED. R. CIV. P. 54(D)(2)

Plaintiff also seeks non-taxable expenses in the amount of $5,066.80.   Doc.

No. 94, at 3.   As previously noted, *see* Doc. No. 91, at 4, n.2, Plaintiff is only seeking

recovery under Federal Rule of Civil Procedure 54(d)(2), which governs non-taxable

expenses, and Local Rule 7.01, which establishes the process for seeking recovery of

non-taxable expenses.   Plaintiff reiterates this request in her Supplemental Motion.

*See* Doc. No. 94, at 11 (heading "Costs under Federal Rule of Civil Procedure

---

[8]  Although Defendant has not filed a response in opposition, the Court still has a duty to review the time sheets for work that is "clearly excessive or otherwise not compensable." *See, e.g., HRCC, Ltd.*, 2018 WL 1863778, at *6, *report and recommendation adopted*, 2018 WL 1863779, at *1 (deducting excessive and unreasonable hours notwithstanding lack of objection).

54(d)(2) and Local Rule 7.01"). The Court also previously held that Plaintiff is entitled to "attorneys' fees and non-taxable expenses in connection with her ADA claim." Doc. No. 92, at 2. Moreover, Plaintiff has never filed a Bill of Costs to recover taxable costs under Rule 54(d)(1) or 28 U.S.C. § 1920. As such, the undersigned has not undertaken an analysis of any of the non-taxable expenses under the lens of Rule 54(d)(1) or § 1920, as Plaintiff has never sought relief under that legal authority.

The ADA authorizes a district court "in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205; *see also H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1284 (S.D. Fla. 2019) ("42 U.S.C. § 12205 permits a prevailing party in an ADA action to recover its attorney's fees, costs, and litigation expenses.") (quotations and citations omitted). "Section 12205's allowance of 'litigation expenses' is much broader than the provisions of § 1920, and it includes expenditures for items that are related to the advancement of the litigation." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006).

While 42 U.S.C. § 12205 is broader than § 1920, the moving party still bears the burden of showing that the requested expenses are recoverable. *See, e.g., Rubenstein v. Florida Bar*, No. 14-cv-20786, 2015 WL 1470633, at *7 (S.D. Mar. 31, 2015) (discussing non-taxable expenses and finding that a movant "bears the burden of

submitting a request for expenses that would enable the Court to determine what

expenses were incurred and whether the party is entitled to them.") (citations

omitted).   *See also Independence Project, Inc. v. Ventresca Bros. Construction Co., Inc.*,

397 F. Supp. 3d 482, 500-01 (S.D.N.Y. 2019) (under 42 U.S.C. § 12205, the "plaintiff

bears the burden of proving its reasonable costs, which a court may reduce if the

plaintiff fails to submit adequate supporting documentation.").

Unfortunately, Plaintiff's Supplemental Motion is barebones and conclusory

in nature on the issue of the reasonableness of non-taxable expenses.   The extent of

Plaintiff's argument is merely to state the total amount of purported non-taxable

expenses sought, ($5,066.80), and to represent that "the expenses are correct and

were necessarily incurred in this litigation and that the services for which fees have

been charged were actually and necessarily performed."   Doc. No. 94, at 11.

Plaintiff provides no further analysis, [9] nor citation to any legal authority, to

---

[9] Attorney Barszcz's affidavit sheds no light on the matter, as he merely reiterates the total amount of the requested non-taxable expenses and then provides the following statement, which pertains solely to the issue of printing costs:

> With respect to the costs requested in this motion, printing costs are included. In the Cost Log, the printing entries list the title/reason for printing costs. This is a result of a computer printing application previously used by Lytle & Barszcz.   The system was built to track the case name and the reason for the printing.   However, inadvertently, it sometimes tracked only the case name without the full description of the time printed.   As a result, there are some entries which do not include a full description but were indexed in support of the instant case.   Based off of the accuracy of the system with respect to its indexing of cases and the dates that the printings took place, I am confident that the items included in the Cost Log were in fact printed and used in this case even if they do not include a full document description.

support these requested expenses.   *Id.*[10]

Instead, Plaintiff provides a "Cost log" with several pages of attached

invoices and other documents, which identify the following categories of expenses:

(1) printing, copying, and faxing expenses; (2) postage; (3) legal research on

LexisNexis; (4) expenses related to Pacer; (5) expenses related to "CIOX Health"; (6)

expenses related to e-filing; (6) process server expenses; (7) expenses related to

mediation; (8) court reporter services and additional service of process expenses;

and (9) other miscellaneous expenditures for medical billing and "supplies for

trial."   Doc. No. 94-2.   Other than identifying each expenditure (and as Attorney

Barszcz avers, some of the identifiers lack a complete description, *see* Doc. 94-4, at

¶ 14), Plaintiff provides no explanation as to these expenses.   Doc. No. 94.

Further complicating matters is the fact that some of the categories of

expenses that Plaintiff seeks as "non-taxable" are in reality "taxable costs" that are

---

Doc. No. 94-4, at ¶ 14.

[10] It may be that Plaintiff's counsel was confused by the requirements of Local Rule 7.01(c)(5) and thought that this rule obviated the requirement to provide a memorandum of law establishing the recoverability of the requested non-taxable expenses.   If so, Plaintiff was mistaken, as Plaintiff must still justify and support any requested relief.   *See* Local Rule 7.01(c)(3) (requiring a memorandum of law on any disputed issues); Local Rule 7.01(c)(5)(A) (requiring a receipt, or other evidence of the expense); Doc. No. 92 (holding that Plaintiff is entitled to non-taxable expenses *related to her ADA claim*).   *See also* Local Rule 3.01(a) (providing 25 pages for a motion and memorandum of law in support).   Such a requirement is particularly necessary here because, as described below, it appears that several of the categories of expenses Plaintiff seeks to recover as non-taxable expenses, in actuality, fall within the ambit of Rule 54(d)(1) and 28 U.S.C. § 1920.   And as previously noted, Plaintiff has opted not to file a Bill of Costs or proceed under either Rule 54(d)(1) or 28 U.S.C. § 1920.

recoverable under Rule 54(d)(1) and 28 U.S.C. § 1920.   Specifically, the expenses

Plaintiff seeks for court filing fees; printing, copying, and faxing; process servers

and service of process; and court reporter services are all recoverable under § 1920.

*See* 28 U.S.C. § 1920(1)-(6).   Plaintiff has provided no authority establishing or

suggesting that she may recover as non-taxable expenses under Rule 54(d)(2) costs

that are expressly enumerated as "taxable costs" under § 1920, particularly in a

situation where, as here, Plaintiff has chosen not to file a Bill of Costs.   *See, e.g.,*

*Bradshaw,* 426 F. Supp. 3d at 1285 (in class action ADA case, where prevailing

plaintiffs admittedly did not file a Bill of Costs, court only addressed costs outside

the reach of 28 U.S.C. § 1920).   For these reasons, it is difficult for the undersigned

to ascertain the reasonableness of the expenses sought, or to ascertain if they are

recoverable.[11]

---

[11] The undersigned has undertaken an analysis of relevant case law and has been unable to locate a single decision (in this Circuit or any other) where a party was able to recover "taxable costs" authorized under § 1920 by proceeding solely under Rule 54(d)(2) and/or § 12205 of the ADA.   To the contrary, the decisions reviewed by the undersigned involved situations where the party seeking costs either filed a Bill of Costs for those recoverable under § 1920 and simultaneously sought recovery of *additional* expenses under § 12205, or where the party seeking costs under §12205 only sought those "extra costs" that are not permitted under § 1920.   *See, e.g., H.C.,* 426 F. Supp. 3d at 1285 (in case where prevailing party admittedly did not file a Bill of Costs, prevailing party only proceeded under § 12205 and other similar civil rights statutes and only sought costs that are unrecoverable under § 1920); *Caplan v. All American Auto Collision, Inc.,* No. 18-61120-CIV-COHN/SELTZER, 2019 WL 13084767, at *6-7 (S.D. Fla. Sept. 16, 2019) (prevailing party filed a Bill of Costs and moved for both taxable expenses under § 1920 and non-taxable expenses under the ADA); *Fuller v. Things Remembered, Inc.,* No. 19-CIV-GAYLES/STRAUSS, 2020 WL 1316509, at *1-3 (S.D. Fla. Feb. 11, 2020), *report and recommendation adopted,* 2020 WL 1316508 (S.D. Fla. Mar. 19, 2020) (prevailing party filed Bill of Costs and sought both taxable expenses costs § 1920, such as filing fees, costs for service of summons, and printing, and non-taxable expenses under § 12205 for expert services); *Barberi v. TCB Sport Entertainment, LLC,* No. 21-CV-60726-SMITH/VALLE, 2022 WL

Because it is Plaintiff's burden to establish the recoverability of the non-taxable expenses she seeks, even under the broader authority of the ADA, and because Plaintiff has failed to provide any authority to support her attempt to recover § 1920 taxable costs under the ADA, the undersigned limits analysis to those non-taxable expenses that are outside the purview of § 1920. The undersigned will therefore recommend that the Court deny without prejudice any expenses that are recoverable under § 1920, and direct Plaintiff to file a properly supported Bill of Costs, pursuant to Rule 54(d)(1), within a time period to be established by the Court.[12]

Turning now to the additional non-taxable expenses that are not recoverable under § 1920, Plaintiff first seeks to recover $ 82.83 in postage and Federal Express mailing costs. Doc. No. 94-2, at 3-4. The extent of Plaintiff's explanation of these costs is to list them on the "Cost Log." *Id.* From the brief descriptions set forth on

---

625239, at *1 (S.D. Fla. Feb. 16, 2022), *report and recommendation adopted*, 2022 WL 624998, at *1 (S.D. Fla. Mar. 3, 2022) (after filing a Bill of Costs, prevailing party sought recovery of taxable costs under § 1920 and non-taxable expenses under § 12205 for certain expert services).

Further, the lack of any explanation or analysis in support of a majority of the requested costs would be fatal under either § 1920 or § 12205. *See, e.g.*, *Caplan v. Rehabclinics (PTA) Inc.*, No. 19-CV-62890, 2020 WL 3977140, at *7 (S.D. Fla. July 13, 2020) (declining to award printing costs under § 12205 because plaintiff failed to demonstrate that they were for anything other than the convenience of counsel.).

[12] Rule 54(d)(1) does not provide a time limit for filing a Bill of Costs, nor do the revised Local Rules of this Court. *See* Local Rule 7.01; *see also State Farm Mutual Auto. Ins. Co. v. Spangler*, No. 6:20-cv-360-PGB-LRH, 2021 WL 7501172, at *2-3 (M.D. Fla. Oct. 7, 2021), *report and recommendation adopted*, 2021 WL 7501163 (M.D. Fla. Nov. 15, 2021) (noting that the new Local Rules of the Middle District of Florida "contain no time limit for either filing of a bill of costs or the filing of supporting documentation . . . .").

the "Cost Log," the undersigned has determined that these expenses relate to the litigation of this case, and in the absence of objection, finds that the postage and Federal Express fees constitute expenditures for the advancement of the litigation, and are recoverable under § 12205. *Barberi*, 2022 WL 625239, at *1, *report and recommendation adopted*, 2022 WL 624998, at *1 (postage fees are recoverable as expenses under ADA prevailing party statute). *See also Access 4-All, Inc. v. Shoppes on 18th St., Inc.*, No. 08-61691, 2009 WL 10690913, at *6 (S.D. Fla. Oct. 28, 2009) (noting that "some courts permit a party to be reimbursed for postage in an ADA case [if] such costs [are] specifically identified"). Therefore, the undersigned will recommend that Plaintiff be awarded postage fees in the full amount of **$ 82.83.**

Plaintiff next seeks to recover $ 317.15 in non-taxable expenses associated with legal research on LexisNexis. Doc. No. 94; *see also* Doc. No. 94-2, at 4-5. As a prevailing party under the ADA, online legal research can be a recoverable expense if it is substantiated. *See Bradshaw*, 426 F. Supp. 3d at 1285-86. Here, other than listing this expense on the "Cost Log," Plaintiff has not provided any invoices or otherwise substantiated this expense. And while some of the entries on the "Cost Log" appear to give at least a brief description of the research, many of the entries merely state "Research" (*see* Doc. No. 94-2, at 4-5), which is clearly insufficient to establish whether these expenses were for the advancement of the litigation. Accordingly, the undersigned will recommend that the Court decline to

award non-taxable legal research expenses to Plaintiff.    *See Bradshaw*, 426 F. Supp.

3d at 1285-86 (denying award of computerized legal research expenses to prevailing

party in ADA case where the prevailing party did not provide sufficient evidence

establishing the necessity or reasonableness of the research); *Rubenstein*, 2015 WL

1470633, at *7 ("Plaintiffs submitted no evidence to substantiate their request for the

cost of online legal research.   Without supporting evidence, Plaintiffs' request for

an award for the non-taxable cost of online legal research should be denied.") (citing

*Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000) (reiterating

that a movant "bears the burden of submitting a request for expenses that would

enable the Court to determine what expenses were incurred and whether [the party]

is entitled to them.")).

Next, Plaintiff seeks $ 13.70 in non-taxable expenses related to viewing

documents on Pacer.   Doc. No. 94-2, at 5.   Again, Plaintiff provides no explanation

as to why she incurred these expenses, does not attach any supporting invoices, and

the entries on the "Cost Log" do not identify the documents or shed any light on

the matter.    *Id*.   For these reasons, the undersigned will recommend that the Court

decline to award Pacer expenses.    *See Lee*, 93 F. Supp. 2d at 1335 (the party seeking

recovery of expenses "bears the burden of submitting a request for expenses that

would enable the Court to determine what expenses were incurred and whether

[the party] is entitled to them.").

Plaintiff also lists on the "Cost Log" an expense of $ 29.19 for "Orlando Health Billing Record for Merard."   Doc. No. 94-2, at 6; *see also* Doc. No. 94-3, at 17-18. While Plaintiff supplies the Court with a delinquent notice from CIOX Health for $29.19, *see* Doc. No. 94-3, at 17-18, Plaintiff provides no other explanation for this expense.   Thus, the undersigned has no idea of the nature of this expense or whether it was incurred in advancement of the litigation.    As such, the undersigned will recommend that the Court decline to award Plaintiff this expense. *Rubenstein*, 2015 WL 1470633, at *7 (movant seeking non-taxable expenses under the ADA "bears the burden of submitting a request for expenses that would enable the Court to determine what expenses were incurred and whether the party is entitled to them."); *Independence Project, Inc., Inc.*, 397 F. Supp. 3d at 500-01 (under 42 U.S.C. § 12205, the "plaintiff bears the burden of proving its reasonable costs, which a court may reduce if the plaintiff fails to submit adequate supporting documentation.").

Plaintiff's fifth listed type of non-taxable expense is $ 2,025.00, which appears to be her share of the mediator's fee from private mediation that took place in May 2020.   *See* Doc. No. 94-2, at 6 ("Cost Log" line item entitled "Burruezo – 5/26/2020 – Mediations – Review pre-mediation and 4 hour conference."); *see also* Doc. No. 94-3, at 26-27 (invoice from Carlos Burruezo listing same expense); Doc. No. 15 (mediation report from Carols Burruezo dated May 13, 2020).   Under § 12205 of the ADA, mediation expenses are recoverable by a prevailing party.  *Hansen*, 420 F.

Supp. 2d at 1354-55 ("Although mediation fees are not compensable under § 1920, they are compensable litigation expenses under the ADA.") (citations omitted); *see also Mawk v. Kaplan Univ.*, No. 6:13-cv-1469-Orl-22KRS, 2015 WL 4694055, at *2 (M.D. Fla. Aug. 6, 2015) (finding that "[m]ediation fees are the type of expense reasonably incurred during the course of litigation" and awarding mediation fees to prevailing party under 42 U.S.C. § 1988's similar fee and expenses provision). Therefore, pursuant to this authority, and in the absence of objection, the undersigned will recommend that the Court award this cost to Plaintiff in the full amount of **$ 2,025.00**.

Last, Plaintiff seeks recovery for "supplies for trial" totaling $ 33.24.  Doc. No. 94-2, at 6.  Plaintiff does not explain the nature of these supplies, does not explain why or how they were used for trial, and does not cite to any authority supporting her argument that "supplies for trial" is a recoverable expense. Therefore, the undersigned will recommend that the Court decline to award this expense.  *Rubenstein*, 2015 WL 1470633, at *7; *Independence Project, Inc., Inc.*, 397 F. Supp. 3d at 500-01.

In sum, the undersigned will recommend that the Court award non-taxable expenses in the total amount of **$2,107.83**, and decline to award all other requested expenses.

## IV.    RECOMMENDATION

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** as follows:

1.    Plaintiff's Supplemental Motion on Amount of Attorneys' Fees and Non-Taxable Expenses (Doc. No. 94) be **GRANTED in part, DENIED WITHOUT PREJUDICE in part, and DENIED in part**, and that Plaintiff be awarded attorneys' fees in the amount of $133,412.50 and non-taxable expenses in the amount of $2,107.83;

2.    **DENY WITHOUT PREJUDICE** any expenses listed on Plaintiff's "Cost Log" (Doc. No. 94-2), that are recoverable under § 1920, and **DIRECT** Plaintiff to file a properly supported Bill of Costs, pursuant to Rule 54(d)(1), within a time period to be established by the Court; and

3.    **DENY** Plaintiff's Supplemental Motion (Doc. No. 94) in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.

11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 5, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy